Original

Lorenzo R. Cunningham

D#98935 (Unit: D4A/A-122)

California Health Care Facility (CHCF)

7707 S. Austin Road

P.O. Box 52050

Stockton, California 95213

IN PRO SE:



FILED
OCT 30 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FEDERAL DISTRICT COURT

(NORTHERN) CALIFORNIA

LORENZO R. CUNNINGHAM (PR)

      Plaintiff

      -v-

MEDTRONIC INC., et al.,

      Defendants

# CV 14 4814

#     EMC

M O T I O N

PLAINTIFF IN THE THE INTEREST OF
JUSTICE MOVE THE COURT TO TAKE
JUDICIAL NOTICE OF THE PLEADINGS,
FACTS, LAWS, & EXHIBITS AND TO
RELATE CURRENT FEDERAL SUIT TO
THE ORIGINAL FILE DATE OF APRIL/2013
OF EARLIER FILED CASE (#C-13-1978-EMC)
DUE TO TIME CONSTRAINTS AND STATUE
OF LIMITATIONS LAWS...
******************************************

TO THE HONORABLE DISTRICT JUDGE FOR THE UNITED STATES DISTRICT COURT FOR THE

(NORTHERN) DISTRICT OF CALIFORNIA:

◊ooooooo◊ooooooo◊

(I) JUDICIAL NOTICE:

   The Court is moved to take judicial notice of the prior federal lawsuit
action in which this current case relates in that the prior action was filed
in April/2013; voluntarily dismissed in Oct-Nov/2013 via Motion and Order
to refile pleading in State Court due to supplemental state claims via action,

-1-

<u>Cunningham v. UCSF Spine Center, et al.</u>, #C-13-1978-EMC (N.D.Cal,2013)(e.g.
Medical Malpractice & Product Liability Suit).

Judicial notice is requested of the facts, laws, and the court files/re-
cords of the earlier pleadings along with the evidentiary exhibits attached
to this (MOTION) to substantiate claims.

*Fed.R.Evid. 201

*<u>Florida v. Riley</u>, 488 US 445, 465 (198 )

*<u>Barron v. Reich</u>, 13 F3d 1370, 1377 (9th Cir,1994)

*<u>U.S. v. Wilson</u>, 652 F2d 116, 119 (9th Cir,1980)

*<u>Believeau v. Cavas</u>, 873 FSupp 1395, 1395 (C.D.Cal,1995)

*<u>Valerio v. Boise Cascade</u>, 80 F.R.D. 626, 635 n.1 (N.D.Cal,1978)
<u>aff'd</u>, 645 F2d 699 (9th Cir,1980)
<u>cert.denied</u>, 454 US 1126 (1981)

/////////

/////////

(II) <u>PRO SE STANDARDS ON PLEADINGS</u>:

Plaintiff is a pro se prisoner confined to custody within a state prison
and is not an attorney/lawyer. Via the Mercy and Grace of the Court, the Court
is moved to grant deference to pleadings, to grant liberal construction of
the pleadings; and to hold pleadings to a lesser stringent standard compared
to lawyers.

*<u>Maleng v. Cook</u>, 490 US 488, 493 (1989)

*<u>Boag v. MacDougall</u>, 454 US 364, 365 (1982)

*<u>Haines v. Kerner</u>, 404 US 519, 520 (1972)

*<u>Belgarde v. Montana</u>, #23 F3d 1210, 1215 (9th Cir,1997)

*<u>Ashelman v. Pope</u>, 793 F2d 1072, 1078 (9th Cir,1986)(en banc)

/////////

/////////

(III) <u>RELATE ACTION BACK OF CURRENT CASE TO PRIOR CASE</u>:

The Court is aware of the "history-of-the-case" in this matter and is well

that plaintiff has not filed the initial April/2013 and the refiled lawsuit of October/2014 for the purpose of delay nor harassment. The court is aware that plaintiff in good-faith is litigious and have been to the best of his ability trying to prosecute the suit for resolution.

Judicial notice (EX/A) the Court has eloquently and with great detail has elaborated on this case history noting plaintiffs extensive medical history on neck/back surgeries. In 2001, plaintiff recieved a neck and back fusion surgery at Napa County hospital and the surgery was repeated in 2007 after the screws came loose via the hardware/rods. Plaintiff was subsequently transferred to San Francisco County (i.e. UCSF Spine Center) college/hospital for an additional May/2012 back fusion surgery with the hardware/rods coming loose again; plaintiff rods broke in August & September/2012 on 2-separate occasions once while putting on socks/shoe and then while getting out of bed to use the restroom resulting in a 3-week/21-day hospitilazation at (UCSF) September/2012.

In a timely manner plaintiff in April/2013 filed a 42 USC 1983 federal suit with state supplemental claims via 28 USC 1367 on claims (i.e. Medical Malpractice and Product Liability) under authority:

*42 USC 1983 & 28 USC 1367

*Estelle v. Gamble, 429 US 97, 105-106 (1976)

*Ashker v. C.D.C., 112 F3d 392, 393 (9th Cir,1997)

*Woods v. Young, 53 Cal 3d 315, 320 (Cal,1991)

*Pike v. Frank G. Hough Co., 2 Cal 3d 465, 470 (Cal,1970)

*Bettencourt v. Hennessy Ind, et al., 205 Cal App 4th 1103, 1117-1120

Judicial notice (EX/A) & (EX/B) the Court graciously offered plaintiff the opportunity to amend the suit per Fed.R.Civ.Proc. 15(a) on (Medical Malpractice) claims; and suggested the state claims should be litigated in the State Courts. Plaintiff did not wish to have (2) suits simultaneously litigated in (Federal Court) visa Medical Malpractice; and (State Court) via Product Liability.

Plaintiff in Pro Per status and not an Attorney was under the impression due to the initial April/2013 federal suit inartfully stated with federal claims on deliberate indifference believed that since the Product Liability issues were suppose to be adjudicated in State Court; then the medical malpractice claim should be re-drafted via state claims under negligence although per 28 USC 1367, Ashker, supra, 112 F3d at 393 plaintiff believed his state supplemental claims with federal claims would suffice in federal courts initial April/2013 pleadings.

Nevertheless, without explanation, plaintiff refiled his (State Court) action under (i.e. Medical Malpractice & Product Liability) coupled with a Motion to proceed in state court under vexatious litigant per Code Civil Procedure 391.7; Pennell v. City of San Jose, 485 U3 1, 14 (1988); Wolfe v. George, 486 F3d 1120, 1126 (9th Cir, 2007) and Singh v. Lipworth, 132 Cal App 4th 40, 44 (2005) and in a 1-page ("ORDER") without explanation the (State Court) issued a denial to proceed with state case, judicial notice (EX.D).

Plaintiff in addition sought to have the (Federal Court) via Fed.R.Civil. Proc. 60(b) to grant a Relief from Judgement to reopen federal case for the sole purpose of transferring action to (State Court) as a state case and the (Federal Court) issued an ("ORDER") of denial to transfer case, see (EX.B).

Plaintiff ultimately also sought in this (Federal Court) via Fed.R.Civ. Proc. 60(b) to grant a Relief from Judgement to reopen federal case for the re-adjudication of action in federal court since the plaintiff voluntarily dismissed the case per Fed.R.Civ.Proc. 41(a) believing or under the impression the (Federal Court) preferred case to be litigated in (State Court)!

Plaintiff obtained (3) letters from the former defendants in this initial April/2013 federal case, Cunningham v. UCSF Spine Center, et al., #C-13-1978-EMC (N.D.Cal, 2013) (i.e. NuVasive Co., Osteotech Co., Dr. Shane Burch) that the wrong manufacture company was being sued regarding broken hardware/rods and that the correct manufacture of product was (i.e. Medtronics Inc.,) and

-4-

with "due-dilignece" plaintiff actually refiled the case in both State Court
in September/2014 and the Federal Court in September/2014 with the correct
defendant regarding (i.e. Product Liability) claims, judicial notice (EX#E)
and (EX#F) civil coversheets.

Judicial notice (EX#C) although the Federal Court has declined to Reopen
the Judgement for adjudication per Fed.R.Civ.Proc. 60(b); the court has also
informed plaintiff via the new October/2015 ("ORDER") that plaintiff may re-
file federal action per, 42 USC 1983. Plaintiff move the court to refile the
suit and to relate action back to the original file date of April/2015 in the
event that any time statutes become of concern effecting the litigation of
the suit and to grant ("NUN PRO TUNC") such filing via ("RELATE ACTION BACK");
*U.S. Const., Amendments 1, 5, 7, & 14

*42 USC 1983 & 28 USC 1367

*Fed.R.Civ.Proc. 15(a)(c); Mayle v. Felix, 545 US 644, 650-654 (2005)

*Keating v. Hood, 191 F3d 1053, 1059-1061 & n.10 (9th Cir,1999)

*Henry v. Lungren, 164 F3d 1240, 1241 (9th Cir,1999)

*Miller v. Laird, 464 F2d 533, 534 (9th Cir,1972)

*Anthony v. Cambra, 236 F3d 568, 576-578 (9th Cir,2000)

The court may ("ADOPT") by reference any pleading in a different part of
same pleading, or by reference any pleading from a total different proceeding
before the court, generally see:

*Fed.R.Civ.Proc. 10(c)

*Fontana v. Haskin, 262 F3d 871, 877 (9th Cir,2001)

*Demarco v. Depotech, 149 FSupp 2d 1212, 1220 (S.D.Cal,2001)

At any rate, plaintiff has made all necessary efforts in good faith in
trying to file and adjudicate this case for resolution in both the federal
and state courts without delay and with due diligence.

## C O N C L U S I O N

The Court is graciously moved to take judicial notice of the facts, laws, and all exhibits appendixed to the pleadings to substantiate claims.

Plaintiff further move the Court to file and adjudicate this case on the merits and the Court is moved to Relate the Case back to the original filed date of April/2013 of the initial 42 USC 1983 case due to plaintiff seeking with due diligence resolution in both the federal and state courts. This suit has not been filed for the purpose of delay or harassment but with the sole purpose for justice.

///

////

////

////

I DECLARE UNDER PENALTY OF PERJURY AND THE LAWS OF THE (USA) THE FOREGOING IS TRUE. THIS PAPER WAS EXECUTED ON _10_ /_20_ /_2014_ AT STOCKTON, CALIFORNIA.

LORENZO R. CUNNINGHAM

# I N D E X

EX#A: Federal Court Order & Court Docket
Date: 11/20/2013
RE: Judgement


EX,B: Federal Court Order
Date: 9/8/2014
RE: Transfer of Case


EX#C: Federal Court Order
Date: 10/14/2014
RE: Relief From Judgement


EX,D: State Court Order
Date: 9/5/2014
RE: Vexatious Litigant Order


EX#E: Letters From Attorneys (Defendants)
Dates: 10/1/2013., 10/7/2013., 11/7/2013
RE: Issue on Manufacture Company (Rods)


EX#F: Plaintiff Coversheets (Amended Suit)
Date: 9/25/2014
RE: Amended Complaint & Relief From Judgement (Fed.Ct.)

# EXHIBIT

# A

CLOSED,ProSe

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:13-cv-01978-EMC
### Internal Use Only

*COPY FOR YOUR INFORMATION*

Cunningham v. UCSF Spine Center et al
Assigned to: Hon. Edward M. Chen
Referred to: PSLC CET
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 04/30/2013
Date Terminated: 11/20/2013
Jury Demand: None
Nature of Suit: 555 Prisoner: Prison Condition
Jurisdiction: Federal Question

**Plaintiff**

**Lorenzo R. Cunningham**

represented by **Lorenzo R. Cunningham**
D-98935
California Health Care Facility
P.O. Box 32050
Stockton, CA 95213
PRO SE

V.

**Defendant**
**UCSF Spine Center**

**Defendant**
**Nuvasive Inc**

represented by **Greg Glover Jackson**
Bowman and Brooke LLP
970 West 190th Street
Suite 700
Torrance, CA 90502
310-768-3068
Email: greg.jackson@bowmanandbrooke.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**Osteotech Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/30/2013 | 1 | COMPLAINT against Nuvasive Inc, Osteotech Inc., UCSF Spine Center (Filing fee: IFPP). Filed by Lorenzo R. Cunningham. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Envelope)(slhS, COURT STAFF) (Filed on 4/30/2013) (Entered: 04/30/2013) |
| 04/30/2013 | 2 | Appendix of Exhibits filed by Lorenzo R. Cunningham. (slhS, COURT STAFF) (Filed on 4/30/2013) (Entered: 04/30/2013) |
| 04/30/2013 | 3 | MOTION for Extension of Time to Pay Filing Fee; MOTION to Appoint Counsel; Request for Preliminary Injunction filed by Lorenzo R. Cunningham. (slhS, COURT STAFF) (Filed on 4/30/2013) (Entered: 04/30/2013) |
| 04/30/2013 | 4 | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing fee due within 28 days. IFP Form due by 6/7/2013. (slhS, COURT STAFF) (Filed on 4/30/2013) (Entered: 04/30/2013) |
| 05/16/2013 | | Filing fee received: $ 350.00, receipt number 34611086127. (slhS, COURT STAFF) (Filed on 5/16/2013) (Entered: 07/19/2013) |
| 05/28/2013 | 5 | REQUEST for Court to Send Summons Form and Fees for Service on Defendants by the U.S. Marshal Service filed by Lorenzo R. Cunningham. (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on 5/28/2013) (Entered: 05/28/2013) |
| 06/13/2013 | 6 | Letter dated 6/8/13 from Lorenzo Cunningham requesting marshal service and summons forms. (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on 6/13/2013) (Entered: 06/14/2013) |
| 06/19/2013 | 7 | Letter dated 6/8/13 from Lorenzo R. Cunningham re 3rd request for marshal service and summons forms. (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on 6/19/2013) (Entered: 06/20/2013) |
| 06/25/2013 | 8 | Letter dated 6/21/13 from Lorenzo Cunningham re request for summons forms and marshal service forms. (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on 6/25/2013) (Entered: 06/26/2013) |
| 06/28/2013 | 9 | MOTION for Court to Send Plaintiff Summons and Marshal Service Forms for Service on Defendants, MOTION for Extension of Time to Serve Defendants, MOTION to Appoint Counsel filed by Lorenzo R. Cunningham. Responses due by 7/26/2013. Replies due by 8/9/2013. (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on 6/28/2013) (Entered: 07/01/2013) |
| 07/08/2013 | 10 | **ORDER for Filing of In Forma Pauperis Applicatio of Payment of Filing Fee 3 5 . Signed by Judge Edward M. Chen on 7/8/2013. (Attachments: # 1 Certificate of Service). (emcsec, COURT STAFF) (Filed on 7/8/2013) (Entered: 07/08/2013)** |
| 07/18/2013 | 11 | MOTION for Leave to Proceed in forma pauperis filed by Lorenzo R. Cunningham. (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on 7/18/2013) (Entered: 07/19/2013) |
| 08/05/2013 | 12 | Request for Judicial Notice filed by Lorenzo R. Cunningham. (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on 8/5/2013) |

| | | (Entered: 08/06/2013) |
|---|---|---|
| 08/08/2013 | 13 | Letter dated 8/3/13 from Lorenzo R. Cunningham regarding payment of filing fee. (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on 8/8/2013) (Additional attachment(s) added on 8/9/2013: # 2 Envelope) (slhS, COURT STAFF). (Entered: 08/09/2013) |
| 09/06/2013 | 14 | MOTION to File Proof of Service on Defendants and Judicial Notice Request for Service on Defendants filed by Lorenzo R. Cunningham. Responses due by 9/20/2013. Replies due by 9/27/2013. (Attachments: # 1 Envelope)(slh, COURT STAFF) (Filed on 9/6/2013) (Entered: 09/09/2013) |
| 09/16/2013 | 15 | Letter Brief filed by Lorenzo R. Cunningham. (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on 9/16/2013) (Entered: 09/16/2013) |
| 09/16/2013 | 16 | MOTION for Entry of Default filed by Lorenzo R. Cunningham. Responses due by 10/15/2013. Replies due by 10/29/2013. (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on 9/16/2013) (Entered: 09/16/2013) |
| 09/16/2013 | 17 | Clerks Notice: DECLINATION OF DEFAULT. (Related documents(s) 16 )(slhS, COURT STAFF) (Filed on 9/16/2013) (Entered: 09/16/2013) |
| 09/24/2013 | 18 | MOTION to Dismiss filed by Nuvasive Inc. Responses due by 10/22/2013. Replies due by 11/5/2013. (Attachments: # 1 Certificate/Proof of Service, # 2 Proposed Order)(Jackson, Greg) (Filed on 9/24/2013) (Entered: 09/24/2013) |
| 09/30/2013 | 19 | MOTION for Default Judgment filed by Lorenzo R. Cunningham. Responses due by 10/28/2013. Replies due by 11/12/2013. (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on 9/30/2013) (Entered: 10/02/2013) |
| 09/30/2013 | 20 | NOTICE re Settlement Schedule and Conference filed by Lorenzo R. Cunningham (Attachments: # 1 Exhibit, # 2 Envelope)(slhS, COURT STAFF) (Filed on 9/30/2013) (Entered: 10/02/2013) |
| 10/02/2013 | 21 | NOTICE of Change of Address by Lorenzo R. Cunningham. (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on 10/2/2013) (Entered: 10/04/2013) |
| 10/08/2013 | 22 | **ORDER of Dismissal with Leave to Amend. Signed by Judge Edward M. Chen on 10/8/2013. (Attachments: # 1 Certificate of Service). (emcsec, COURT STAFF) (Filed on 10/8/2013) (Entered: 10/08/2013)** |
| 10/11/2013 | 24 | NOTICE of Change of Address by Lorenzo R. Cunningham (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on 10/11/2013) (Entered: 10/23/2013) |
| 10/15/2013 | 23 | MOTION for Extension of Time filed by Lorenzo R. Cunningham. (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on |

| | | |
|---|---|---|
| | | 10/15/2013) (Entered: 10/23/2013) |
| 10/24/2013 | 25 | **ORDER RE: MOTION TO DISMISS. Signed by Judge Edward M. Chen on 10/24/13. (bpf, COURT STAFF) (Filed on 10/24/2013) (Entered: 10/24/2013)** |
| 11/12/2013 | 27 | NOTICE of Voluntary Dismissal by Lorenzo R. Cunningham (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on 11/12/2013) (Entered: 11/15/2013) |
| 11/15/2013 | 26 | NOTICE by Nuvasive Inc *of Change of Firm* (Jackson, Greg) (Filed on 11/15/2013) (Entered: 11/15/2013) |
| 11/20/2013 | 28 | **ORDER of Dismissal. Signed by Judge Edward M. Chen on 11/20/2013. (Attachments: # 1 Certificate of Service). (emcsec, COURT STAFF) (Filed on 11/20/2013) (Entered: 11/20/2013)** |
| 11/20/2013 | 29 | **JUDGMENT. Signed by Judge Edward M. Chen on 11/20/2013. (Attachments: # 1 Certificate of Service). (emcsec, COURT STAFF) (Filed on 11/20/2013) (Entered: 11/20/2013)** |
| 08/28/2014 | 30 | MOTION/REQUEST for the Federal Court to Tramsfer Case via Clerks to the State Court due to this Plaintiff's Numerous Attempts to File the Case in the State Court (Civic Center Courthouse) San Francisco Per Federal Court (Order) for the Plaintiff to Refile Case in the State Courts for State Claims; filed by Lorenzo R. Cunningham. Responses due by 9/11/2014. Replies due by 9/18/2014. (aaa, COURT STAFF) (Filed on 8/28/2014) (Additional attachment(s) added on 9/4/2014: # 1 Motion Pt.02) (aaa, COURT STAFF). (Additional attachment(s) added on 9/4/2014: # 2 Motion Pt.03) (aaa, COURT STAFF). (Additional attachment(s) added on 9/4/2014: # 3 Motion Pt.04) (aaa, COURT STAFF). (Additional attachment(s) added on 9/4/2014: # 4 Motion Pt.05) (aaa, COURT STAFF). (Additional attachment(s) added on 9/4/2014: # 5 Motion Pt.06) (aaa, COURT STAFF). (Additional attachment(s) added on 9/4/2014: # 6 Motion Pt.07) (aaa, COURT STAFF). (Additional attachment(s) added on 9/4/2014: # 7 Motion Pt.08) (aaa, COURT STAFF). (Additional attachment(s) added on 9/4/2014: # 8 Motion Pt.09) (aaa, COURT STAFF). (Additional attachment(s) added on 9/4/2014: # 9 Motion Pt.10) (aaa, COURT STAFF). Modified on 9/5/2014 (slhS, COURT STAFF). (Entered: 09/04/2014) |
| 09/08/2014 | 31 | **ORDER by Judge Edward M. Chen Denying 30 Motion to Transfer Closed Case. (Attachments: # 1 Certificate/Proof of Service). (emcsec, COURT STAFF) (Filed on 9/8/2014) (Entered: 09/08/2014)** |
| 09/17/2014 | 32 | MOTION for Relief from Judgment filed by Lorenzo R. Cunningham. Responses due by 10/15/2014. Replies due by 10/29/2014. (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on 9/17/2014) (Entered: 09/18/2014) |
| 09/17/2014 | 33 | Received Documents: complaint and appendix submitted by Lorenzo R. |

| | | |
|---|---|---|
| | | Cunningham. (Attachments: # 1 Appendix)(slhS, COURT STAFF) (Filed on 9/17/2014) (Entered: 09/18/2014) |
| 09/22/2014 | 34 | Letter Brief filed by Lorenzo R. Cunningham. (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on 9/22/2014) (Entered: 09/23/2014) |
| 09/25/2014 | 35 | Received Documents: Amended Complaint, Amended Appendix, and Amended Relief from Judgment submitted by Lorenzo R. Cunningham. (Attachments: # 1 Amended Appendix, # 2 Amended Relief from Judgment)(slhS, COURT STAFF) (Filed on 9/25/2014) (Entered: 09/29/2014) |
| 09/29/2014 | 36 | Letter Brief filed by Lorenzo R. Cunningham. (Attachments: # 1 Envelope)(slhS, COURT STAFF) (Filed on 9/29/2014) (Entered: 09/30/2014) |

1

2

3

4

5              UNITED STATES DISTRICT COURT

6             NORTHERN DISTRICT OF CALIFORNIA

7

8  LORENZO R. CUNNINGHAM,                No. C-13-1978 EMC (pr)

9            Plaintiff,

10      v.                              **JUDGMENT**

11  UCSF SPINE CENTER; *et al.*,

12           Defendants.

13  _____/

14      This action is dismissed without prejudice.

15

16      IT IS SO ORDERED AND ADJUDGED.

17

18  Dated: November 20, 2013

19

20                            EDWARD M. CHEN
                             United States District Judge

21

22

23

24

25

26

27

28



# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

LORENZO CUNNINGHAM,

Plaintiff,

v.

UCSF SPINE CENTER et al,

Defendant.

Case Number: CV13-01978 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 20, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lorenzo R. Cunningham D-98935
California Health Care Facility
P.O. Box 32050
Stockton, CA 95213

Dated: November 20, 2013

Richard W. Wieking, Clerk
By: Leni Hickman, Deputy Clerk



1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                    NORTHERN DISTRICT OF CALIFORNIA
7
8    LORENZO R. CUNNINGHAM,                     No. C-13-1978 EMC (pr)
9              Plaintiff,
10        v.                              **ORDER OF DISMISSAL**
11   UCSF SPINE CENTER; *et al.*,
12             Defendants.
13   _____/

14       Plaintiff's request for a voluntary dismissal without prejudice is **GRANTED**. (Docket # 27.)

15   This action is dismissed without prejudice. In light of the dismissal of this action, all pending

16   motions are dismissed as moot. The Clerk shall close the file.

17

18       IT IS SO ORDERED.

19

20   Dated: November 20, 2013

21

22                                    EDWARD M. CHEN
                                      United States District Judge
23
24
25
26
27
28



United States District Court
For the Northern District of California

## UNITED STATES DISTRICT COURT

### FOR THE

### NORTHERN DISTRICT OF CALIFORNIA

LORENZO CUNNINGHAM,

Plaintiff,

v.

UCSF SPINE CENTER et al,

Defendant.

_____/

Case Number: CV13-01978 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 20, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lorenzo R. Cunningham D-98935
California Health Care Facility
P.O. Box 32050
Stockton, CA 95213

Dated: November 20, 2013

Richard W. Wieking, Clerk
By: Leni Hickman, Deputy Clerk

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7

8   LORENZO R. CUNNINGHAM,                    No. C-13-1978 EMC (pr)

9           Plaintiff,

10        v.                                  **ORDER OF DISMISSAL WITH LEAVE
                                              TO AMEND**
11  UCSF SPINE CENTER; *et al.*,

12          Defendants.
                                    /
13

14                          I.    **INTRODUCTION**

15          Lorenzo R. Cunningham, an inmate at the California Medical Facility, filed this *pro se* civil

16  rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28

17  U.S.C. § 1915A.

18                          II.    **BACKGROUND**

19          The claims in the complaint arise from back surgeries performed on Mr. Cunningham at a

20  hospital outside the prison in 2012. In his complaint, Mr. Cunningham alleges the following:

21          Before turning to the facts of his claims, the complaint describes Mr. Cunningham's

22  longstanding back problems and treatments therefor due to back problems since a pre-incarceration

23  back injury in 1994. He has been incarcerated since 1995. In 2001, he had back surgery that

24  involved the attachment of a 3-inch titanium plate/rod to his cervical spine. Later in 2001, he had

25  another back surgery to fuse a part of the lumbar spine and to install a bone growth stimulator and a

26  6-inch titanium plate/rod. From 2005 through 2007, Mr. Cunningham began experiencing pain

27  because the hardware in his back was failing. Mr. Cunningham was referred to Dr. Huffman, an

28  outside surgeon, who eventually performed surgery in October 2007. This surgery included the

**United States District Court**
For the Northern District of California



1   removal of hardware, "revision fusion," "reinstrumentation of hardware," and placement of protein
2   in the back for fusion. Docket # 1 at 8. In 2008, Mr. Cunningham returned to Dr. Huffman with
3   complaints of pain at the surgical site. He saw Dr. Huffman several times until February 2009
4   regarding his worsening back problems. In February 2009, Mr. Cunningham "terminated the
5   doctor/patient relationship with Dr. Huffman," who recommended he seek treatment at U.C. Davis
6   or U.C.S.F. Docket # 1 at 9.[1]

7       In 2009, Mr. Cunningham had a consultation with Dr. Shane Burch at U.C.S.F., who first
8   tried trigger point injections for the back pain. In April 2010, Dr. Burch recommended surgical
9   management; during that visit and later visits, treatment options were discussed and plans were
10  made.

11      In April 2012, Dr. Burch performed back surgery. He fused the spine at the T-10 through S-
12  1 section and installed new Harrington rods in his back.

13      In August 2012, the right side of the Harrington rods broke when Mr. Cunningham attempted
14  to put on his socks. He was transported to U.C.S.F. Spine Center and fitted with a back brace in
15  preparation for a future surgery.

16      On September 4, 2012, the left side of the Harrington rods broke when he attempted to get
17  out of bed. Mr. Cunningham was transported to U.C.S.F. Spine Center for back surgery, and was
18  hospitalized from September 4 - 24, 2012. Back surgery was performed on September 20, 2012;
19  during surgery, his broken Harrington rods were removed and he was "reinstrumented with a new
20  set of (hardware)." *Id.* at 12 (parentheses in source).

21      Mr. Cunningham alleges that he suffered "excruciating back pain" after the April 2012
22  surgery, after the breaking of the Harrington rods in August and September 2012, and after the
23  September 2012 surgery. *Id.*

24      The complaint asserts one claim captioned "medical malpractice" and a second claim
25  captioned "product liability." Mr. Cunningham alleges that Dr. Shane Burch and ten Doe defendants

27  [1] Mr. Cunningham sued Dr. Huffman in state court for medical malpractice. Summary
28  judgment was granted in Dr. Huffman's favor, and upheld on appeal. *See Cunningham v. Huffman*, 2011 WL 140301 (Cal. Ct. App. 2011).

United States District Court
For the Northern District of California



2

1 engaged in medical malpractice by installing the Harrington rods in the T-10 through S-1 portion of
2 his spine in a two-day operation in April 2012. He alleges that he "discussed and agreed that the
3 defendants would fuse any areas of the spine either un-fused naturally from (T-10 thru S-1); and/or
4 unfused from prior back surgeries in 2001 and 2007 from Queen of the Valley hospital. Plaintiff
5 agreed/consented to be reinstrumented from (L-1 thru S-1) as was done in previous back surgeries."
6 Docket # 1 at 13. Mr. Cunningham further alleges that defendants "committed medical malpractice
7 for (sic) deliberate indifference and/or negligence" in their surgical treatment of his back in April
8 and September 2012, and in failing to obtain his consent to do a 2-day operation rather than a 1-day
9 operation in April 2012. *Id.* at 14.

10       In his "product liability" claim, Mr. Cunningham alleges that defendants NuVasive Inc. and
11 Osteotech, Inc. "committed violation of the Product Liability laws with regards to Strict Liability
12 and Negligence by manufacturing and providing/distributing the (i.e., Harrington Rods/Hardware) as
13 a defective and deficient product," and failing to warn that the product could fracture in the body.
14 *Id.* at 16. He further alleges that he was injured as a result of the installation of the defective product
15 in his back when that product broke in his back.

## III.   DISCUSSION

A.      The Federal Claim Must Be Amended

18       A federal court must engage in a preliminary screening of any case in which a prisoner seeks
19 redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.
20 § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims
21 which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
22 monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro*
23 *se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
24 (9th Cir. 1990).

25       The threshold issue here whether there is a claim that gives this Court original jurisdiction
26 over this action in which state law negligence and product liability claims predominate. "Federal
27 courts are courts of limited jurisdiction. They possess only that power authorized by Constitution
28 and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The two

United States District Court
For the Northern District of California



3

1   main classes of cases over which the federal courts have jurisdiction are those that present a federal
2   question, *see* 28 U.S.C. § 1331, and those in which the parties have diverse citizenship, *see* 28
3   U.S.C. § 1332. An action under 42 U.S.C. § 1983 presents a federal question and would give this
4   Court original jurisdiction. Problems with Mr. Cunningham's § 1983 claim require the Court's
5   attention first because, if there is no viable § 1983 claim, the negligence and products liability claims
6   must be pursued in state court.

7       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right
8   secured by the Constitution or laws of the United States was violated and (2) that the violation was
9   committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48
10   (1988).

11       Deliberate indifference to a prisoner's serious medical needs violates the Eighth
12   Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051,
13   1057 (9th Cir. 2004). A defendant violates the Eighth Amendment only when two requirements are
14   met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is,
15   subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511
16   U.S. 825, 834 (1994).

17       A "serious" medical need exists if the failure to treat a prisoner's condition could result in
18   further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The complaint
19   adequately alleges a serious medical need.

20       The problem with Mr. Cunningham's complaint concerns the mental state required for an
21   Eighth Amendment claim. A defendant is deliberately indifferent if he knows that a prisoner faces a
22   substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.
23   *Id.* at 837. The defendant must not only "be aware of facts from which the inference could be
24   drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If
25   the defendant should have been aware of the risk, but was not, then he has not violated the Eighth
26   Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th
27   Cir. 2002).

28

United States District Court
For the Northern District of California



4

United States District Court
For the Northern District of California

1    The complaint fails to allege facts sufficient to state a claim that defendant Dr. Burch and the

2    health care Doe defendants acted with deliberate indifference to Mr. Cunningham's serious medical

3    needs. According to the allegations of the complaint, Mr. Cunningham had longstanding serious

4    back problems, already had several failed attempts to resolve his back problems, and had hardware

5    failures in his spinal area before he even encountered defendants. He came to the defendants with

6    back pain, discussed the planned treatment with defendants, and was operated on by defendants in

7    April 2012 and September 2012 to address his back problems. Mr. Cunningham alleges that he had

8    bad outcomes with the surgeries (as he had with earlier surgeries for his longstanding back

9    problems), but bad outcomes do not equal deliberate indifference. That a surgery has potential

10   complications or cannot be performed with guaranteed perfect results does not mean that a doctor

11   who performs the surgery does so with deliberate indifference, or even negligence. Likewise, the

12   fact that a doctor does surgery in two steps rather than one step also does not suggest deliberate

13   indifference to a serious medical need under the *Farmer* standard. In order to prevail on a claim

14   involving choices between alternative courses of treatment, a plaintiff must show that the course of

15   treatment the doctors chose was medically unacceptable under the circumstances and that he or she

16   chose this course in conscious disregard of an excessive risk to plaintiff's health. *See Toguchi*, 391

17   F.3d at 1058; *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d

18   1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical

19   authorities regarding treatment does not give rise to a § 1983 claim.")

20   Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation

21   to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

22   and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations

23   must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v.*

24   *Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).[2] A complaint must proffer "enough facts to

25

26   [2] This requirement that the pleader allege enough facts to state a claim to relief that is
plausible on its face stems from the rule that a complaint must allege "a short and plain statement of
27   the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil
Procedure 8(a)(2) "Specific facts are not necessary; the statement need only . . . give the defendant
28   fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551
U.S. 89, 93 (2007) (citations and internal quotation marks omitted).



5

1    state a claim to relief that is plausible on its face." *Id.* at 570. Leave to amend is **GRANTED** so
2    that Mr. Cunningham may file an amended complaint that proffers enough facts to state a claim to
3    relief for an Eighth Amendment violation that is plausible on its face.

4    B.    Miscellaneous Motions

5        Mr. Cunningham's application for leave to proceed *in forma pauperis* is **DENIED**. (Docket
6    # 11.) The application is incomplete in that Mr. Cunningham never submitted the certified copy of
7    the inmate trust account required by 28 U.S.C. § 1915(a)(2). In any event, Mr. Cunningham already
8    has paid the full filing fee.

9        Mr. Cunningham's motion for the Court to send him summonses and forms for service of
10    process, for an extension of time to serve defendants, and for appointment of counsel is **DENIED**.
11    (Docket # 9.) Although Mr. Cunningham reports in other filings that he has already served
12    defendants, service of process normally is not done in a prisoner's civil rights action until after the
13    Court conducts the screening required by 28 U.S.C. § 1915A, and determined which defendants
14    should be served with process. There is a pleading problem with the § 1983 claim that requires an
15    amended complaint, and until that amended complaint is filed, the Court cannot determine whether
16    any defendants should be served with process. Thus, Mr. Cunningham's request for summonses and
17    forms for service of process, as well as an extension of time to serve process, is premature. The
18    renewed request for appointment of counsel contained in Docket # 9 is denied for the same reasons
19    discussed in the Court's order filed July 8, 2013.

20        Mr. Cunningham's "motion request to file proof of service on defendants and judicial notice
21    request for service on defendants" is **DENIED**. (Docket # 14.) The motion requests that the Court
22    take judicial notice of Mr. Cunningham's efforts to serve process on defendants. Mr. Cunningham's
23    motion reflects a fundamental misunderstanding of the judicial notice process and erroneous belief
24    that it is the normal way to present evidence to a court. A federal court can judicially notice facts
25    that are not subject to reasonable dispute in that they are generally known within the territorial
26    jurisdiction of the court or they are capable of ready determination by resort to sources whose
27    accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The activities of a litigant are not
28    the sort of facts of which judicial notice may be taken because they are not facts generally known

United States District Court
For the Northern District of California



1  within the Court's territorial jurisdiction or that can be accurately and readily determined from
2  sources whose accuracy cannot reasonably be questioned. The usual way for a litigant to present
3  documentary evidence is to attach the documents to a declaration that authenticates the documents.
4  Evidence and declarations usually are submitted in connection with a motion by or against the
5  litigant. Here, for example, if the Court ever orders service of process and a question arises about
6  whether a defendant has been properly served with process, Mr. Cunningham could submit a
7  declaration with documents attached to it. However, as noted above, the Court has not yet ordered
8  service of process so Mr. Cunningham's current efforts to demonstrate that he has served process are
9  pointless.

10                                    **IV.  CONCLUSION**

11            The amended complaint fails to state a § 1983 claim upon which relief may be granted.
12  Leave to amend is granted so that Mr. Cunningham may attempt to allege an Eighth Amendment
13  violation. The amended complaint must be filed no later than **November 15, 2013**, and must
14  include the caption and civil case number used in this order and the words AMENDED
15  COMPLAINT on the first page. Mr. Cunningham is cautioned that his amended complaint must be a
16  complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012)
17  (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that
18  they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims
19  voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the
20  amended complaint by the deadline will result in the dismissal of the action without prejudice to Mr.
21  Cunningham pursuing his state law claims in state court.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

United States District Court
For the Northern District of California

7

A 16

1    In light of the fact that Mr. Cunningham is required to file an amended complaint,

2 Defendants do not need to file an answer or other responsive pleading to the complaint. In fact,

3 defendants do not need to file an answer or other responsive pleading to any amended complaint

4 unless and until the Court so orders after screening it under 28 U.S.C. § 1915A.

6    IT IS SO ORDERED.

8 Dated: October 8, 2013

EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

8

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

LORENZO CUNNINGHAM,

Plaintiff,

v.

UCSF SPINE CENTER et al,

Defendant.

_____/

Case Number: CV13-01978 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 8, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lorenzo R. Cunningham D-98935
California Health Care Facility
P.O. Box 32050
Stockton, CA 95213

Dated: October 8, 2013

Richard W. Wieking, Clerk
By: Leni Hickman, Deputy Clerk

# EXHIBIT

# B

1

2

3

4

5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8   LORENZO R. CUNNINGHAM,                    No. C-13-1978 EMC (pr)

9          Plaintiff,
                                             **ORDER DENYING MOTION TO**
10  v.                                        **TRANSFER CLOSED CASE**

11  UCSF SPINE CENTER; *et al.*,

12         Defendants.
                                   /
13

14         In April 2013, Plaintiff filed this action under 42 U.S.C. § 1983 to complain about medical

15  care and back surgeries performed on him at an outside hospital in 2012. The Court reviewed the

16  complaint, determined that it did not state a cognizable claim under § 1983, and dismissed it with

17  leave to amend. The Court noted that Plaintiff's state law claims predominated and that the action

18  could not go forward in federal court unless the amended complaint showed a basis for federal court

19  jurisdiction. *See* Docket # 22 at 3-4. Plaintiff never filed a pleading showing that the Court had

20  jurisdiction over the action, and instead requested a voluntary dismissal. The action was dismissed

21  and judgment entered on November 20, 2013. Plaintiff then tried to file an action in state court,

22  although it is not clear from the disorganized pile of papers he attached to the present motion what

23  he tried to file in state court or when he did so. He contends that his efforts to file in state court were

24  "without success." Docket # 30 at 2. Plaintiff does not allege why the state court has failed or

25  refused to file his action.[1]

26  _____

27      [1] Plaintiff's exhibits show that he earlier had been declared a vexatious litigant in state court
    and is subject to pre-filing review in state court. *See* Docket # 30-2 at 8. If the state court refused to
28  file his complaint, it may have been because the state court screened it under the vexatious litigant
    statute and disallowed the complaint.



1       Plaintiff now returns to federal court, asking this Court to reopen the action for the sole

2 purpose of transferring the action to state court. The Court declines to do so. Plaintiff cites as

3 authority for his motion 28 U.S.C. § 1651 – which authorizes courts to "issue all writs necessary or

4 appropriate in aid of their respective jurisdictions" – but it has never been established that there is

5 federal subject matter jurisdiction over this action so a writ would not be in "aid of" its jurisdiction.

6 Even if there was subject matter jurisdiction, this Court lacks power to issue mandamus writs to

7 direct state courts, state judicial officers, or other state officials in performance of their duties.

8 *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991). This Court cannot

9 compel the state court to file Plaintiff's complaint or to disregard its statutory vexatious litigant

10 procedures for Plaintiff's benefit. Finally, contrary to Plaintiff's assertion, this Court did not order

11 him to file his complaint in state court but merely said that this action would be dismissed without

12 prejudice to him filing an action in state court. *See* Docket # 22 at 7. The motion to reopen and

13 transfer this action is **DENIED**. (Docket # 30.)

14

15       IT IS SO ORDERED.

16

17 Dated: September 8, 2014

18

19                                    EDWARD M. CHEN
                                   United States District Judge

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


LORENZO CUNNINGHAM,                    Case Number: CV13-01978 EMC

       Plaintiff,                          **CERTIFICATE OF SERVICE**

  v.

UCSF SPINE CENTER et al,

       Defendant.

_____/


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 8, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Lorenzo R. Cunningham D-98935
California Health Care Facility
P.O. Box 32050
Stockton, CA 95213

Dated: September 8, 2014

                              Richard W. Wieking, Clerk
                              By: Leni Hickman, Deputy Clerk

B3

# EXHIBIT

# C

1
2
3
4
5           UNITED STATES DISTRICT COURT
6        NORTHERN DISTRICT OF CALIFORNIA
7
8    LORENZO R. CUNNINGHAM,              No. C-13-1978 EMC (pr)
9            Plaintiff,
                                        **ORDER DENYING MOTION FOR**
10      v.                              **RELIEF FROM JUDGMENT**
11   UCSF SPINE CENTER; *et al.*,
12           Defendants.
13   _____/
14

15          Plaintiff's motion for relief from judgment is DENIED. (Docket # 32.) Federal Rule of
16   Civil Procedure 60(b) provides for relief from a judgment where one or more of the following is
17   shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence
18   which by due diligence could not have been discovered before the court's decision; (3) fraud,
19   misrepresentation or misconduct by the adverse party; (4) the judgment is void; (5) the judgment has
20   been satisfied, is based on a vacated judgment, or its prospective application is no longer equitable;
21   (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). The "catchall provision" of Rule
22   60(b)(6) applies only when the reason for granting relief is not covered by any of the other reasons
23   set forth in Rule 60. *See Jones v. Ryan*, 733 F.3d 825, 839 (9th Cir. 2013). The movant "must show
24   'extraordinary circumstances' justifying the reopening of a final judgment." *Id.* The order of
25   dismissal and judgment in this action on November 20, 2013 were proper, and Plaintiff has shown
26   no reason for relief from judgment under any of the subdivisions of Rule 60(b). Plaintiff
27   deliberately chose to request a voluntary dismissal eleven months ago rather than to file an amended
28   complaint. His change of heart does not provide a reason to set aside the properly entered judgment

United States District Court
For the Northern District of California



1    of dismissal. Plaintiff is reminded that this action was dismissed without prejudice, which means he

2    can file a new action. However, he may not file any more motions in this closed case.

3

4        IT IS SO ORDERED.

5

6    Dated: October 14, 2014

7

8                                                      EDWARD M. CHEN
                                                       United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LORENZO CUNNINGHAM,

Plaintiff,

v.

UCSF SPINE CENTER et al,

Defendant.

_____/

Case Number: CV13-01978 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 14, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lorenzo R. Cunningham D-98935
California Health Care Facility
P.O. Box 32050
Stockton, CA 95213

Dated: October 14, 2014

Richard W. Wieking, Clerk
By: Leni Hickman, Deputy Clerk



# EXHIBIT

# D

MC-702

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Lorenzo R. Cunningham, D#98935 (Unit: D4A-#A-122)<br>California Health Care Facility<br>7707 S. Austin Road, P.O. Box 32050, Stockton, CA 95213 | ENDORSED<br>F I L E D<br>Superior Court of California<br>County of San Francisco<br><br>SEP 05 2014<br><br>CLERK OF THE COURT<br>BY: ___ROCHELLE F. VELUZ___<br>Deputy Clerk |

| TELEPHONE NO.: | FAX NO.: |
|---|---|
| E-MAIL ADDRESS: | |
| ATTORNEY FOR *(Name):* | |

COURT OF APPEAL,     APPELLATE DISTRICT, DIVISION

[✓] SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

STREET ADDRESS:

MAILING ADDRESS: 400 McAllister Street

CITY AND ZIP CODE: San Francisco, CA 94102

BRANCH NAME:

PLAINTIFF/ PETITIONER: Lorenzo R. Cunningham

DEFENDANT/ RESPONDENT: Medtronic, Inc., et al.,

OTHER:

**ORDER TO FILE**
**NEW LITIGATION BY VEXATIOUS LITIGANT**

| Type of case: | [ ] Limited Civil | [✓] Unlimited Civil | [ ] Small Claims |
|---|---|---|---|
| | [ ] Family Law | [ ] Probate | [ ] Other |

CASE NUMBER:

**ORDER**

Approval to file the attached document is:

a. [ ] Granted

b. [✓] Denied

c. [ ] Other:

[✓] Attachment to order. Number of pages: 190

Date: 8/28/2014

(PRESIDING JUSTICE OR JUDGE)

VS

CYNTHIA MING-MEI LEE

Form Approved for Optional Use
Judicial Council of California
MC-702 [New January 1, 2013]

ORDER TO FILE
NEW LITIGATION BY VEXATIOUS LITIGANT

Page 1 of 1
Code of Civil Procedure, § 391.7
www.courts.ca.gov

**Superior Court of California**
County of San Francisco

LORENZO R. CUNNINGHAM,

Plaintiff(s)

vs.

MEDTRONIC, INC., et al,

Defendant(s)

Case Number:

**CERTIFICATE OF MAILING**
(CCP 1013a (4) )

I, Rochelle F. Veluz, certify that I am not a party to the within action.

On September 5, 2014, I served the attached ORDER (DENIED) TO FILE NEW

LITIGATION BY VEXATIOUS LITIGANT  by placing a copy thereof in a sealed envelope,

addressed as follows:

LORENZO R. CUNNINGHAM
D#98935 (Unit: D4A/#A-122)
California Health Care Facility
7707 S. Austin Road
P.O. BOX 32050
Stockton, CA  95213

and, I then placed the sealed envelopes in the outgoing mail at 400 McAllister Street, San Francisco,
CA. 94102 on the date indicated above for collection, attachment of required prepaid postage, and
mailing on that date following standard court practices.

Dated:  September 5, 2014

CLERK OF THE COURT, T. MICHAEL YUEN

**ROCHELLE VELUZ**

By _____

Rochelle F. Veluz, Deputy Clerk

# EXHIBIT

# E

 GreenbergTraurig

Ginger Pigott
Tel 310.586.7700
Fax 310.586.7800
pigottg@gtlaw.com

October 1, 2013

Lorenzo Renell Cunningham
#D98935 (Unit: D-Dorm #141)
California Medical Facility
P.O. Box 2000
1600 California Drive
Vacaville, CA 95696-2000

      Re:    *Cunningham v. U.C.S.F., etc., et al.,*
             Case No: USDC Case No: CV-13-1978-EMC

Dear Mr. Cunningham:

      I received your settlement demand and request for a settlement conference with my client, Osteotech. Osteotech intends to file a motion to dismiss the case on various grounds not the least of which is that the allegations regarding broken spinal hardware (identified by you as Harrington rods) have nothing to do with Osteotech. Osteotech does not make spinal hardware. As a result, Osteotech will not be engaging in settlement negotiations at this time, unless ordered to do so by the Court. However, we would request you dismiss the case against Osteotech so as to avoid taking up additional time or resources of the parties and the Court.

      I look forward to hearing back from you in this regard.

                          Kind regards,

                          Ginger Pigott
                          Shareholder

*LA 131093096v1*





**Morris
Polich &
Purdy** LLP

ATTORNEYS AT LAW

www.mpplaw.com

Gregory G. Jackson, Esq.
(619) 819-2480
GJackson@mpplaw.com

October 7, 2013

**Via U.S. Mail:**

Lorenzo Renell Cunningham
#D98935
California Health Care Facility
P.O. Box 32050
Stockton, California 95213

      RE:    **Cunningham v. U.C.S.F., et al. (N.D. Cal. 2013),
           Case No: CV-13-1978-EMC**

Dear Mr. Cunningham:

      We received notice that you have been transferred to a new address. Enclosed please find the correspondence and motion we served on you at your previous address. Please note, your response to our Motion to Dismiss is due on or before October 22, 2013. As you will see in our motion, we believe you have sued the wrong party. NuVasive did not design, manufacture, sell or distribute the rods that fractured in your spine. As such, there is no basis for liability against NuVasive.

      Should you wish to discuss, please contact me at your earliest convenience.

                         Very truly yours,

                         For Gregory G. Jackson

Enclosures
GGJ:sam

SD213387

*B?*



HASSARD
BONNINGTON LLP

Two Embarcadero Center, Suite 1800
San Francisco, CA 94111 - 3941

Phone: 415.288.9800
Fax: 415.288.9801
www.hassard.com

November 7, 2013

Lorenzo Cunningham
D#98935 (Unit: C6A/#A-115)
California Health Care Facility
Post Office Box 32050
Stockton, California 95213

      Re:    *Cunningham v. UCSF Spine Center, et. al.*

Dear Mr. Cunningham:

      It is our understanding that Medtronic, Inc. manufactured the rods. Medtronic, Inc.'s World Headquarters is located at 710 Medtronic Parkway, Minneapolis, MN 55432; (763) 514-4000.
-5604(zip)      1-(800) 633-8766

                Very truly yours,

                HASSARD BONNINGTON LLP

                *-Dictated But Not Read-*

                Joanna L. Storey

JLS/mlf

cc:    Marc N. Zimmerman, Esq.



# EXHIBIT

# F

Lorenzo R. Cunningham

D#98935 (Unit: D4A/#A-122)

California Health Care Facility (CHCF)

7707 S. Austin Road

P.O. Box 32050

Stockton, California 95213

IN PRO PER:

ORIGINAL
FILED

SEP 2 5 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FEDERAL DISTRICT COURT

(NORTHERN) CALIFORNIA

| | |
|---|---|
| LORENZO R. CUNNINGHAM ) | # C - 13 - 1978 - EMC |
| Plaintiff ) | *AMENDED RELIEF FROM JUDGEMENT (Ex Parte) |
| -V- ) | Fed.R.Civ.Proc. 60(b) |
| MEDTRONIC INC., et al., ) | (A) RELIEF FROM JUDGEMENT |
| U.C.S.F. SPINE CENTER., ) | (B) SUBSTITUTION OF PARTIES/DEFENDANT |
| DR. SHANE BURCH, M.D., ) | (C) APPOINTMENT OF COUNSEL |
| Defendant(s) ) | (D) REQUEST SERVICE ON DEFENDANTS |
| ) | VIA U.S. MARSHALS |
| ) | |

TO THE HON. EDWARD M. CHEN (FEDERAL DISTRICT JUDGE) FOR THE UNITED STATES

DISTRICT COURT (NORTHERN) CALIFORNIA:

◊ooooooooo◊ooooooooo◊

(A) RELIEF FROM JUDGEMENT:

This NOBLE COURT is moved to Re-Open and/or Grant Relief from Judgement

pursuant to Fed.R.Civ.Proc. 60(b) in the Interest of Justice to prevent a

Miscarriage of Justice. This Case was before the Court in (2013) and was Dis-

missed Voluntarily Without Prejudice per Fed.R.Civ.Proc. 41.

-1-

Lorenzo R. Cunningham

D#98935 (Unit: D5A/#A-122)

California Health Care Facility (CHCF)

7707 S. Austin Road

P.O. Box 32050

Stockton, California 95213

IN PRO SE:



RECEIVED

SEP 25 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

(NORTHERN) DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LORENZO R. CUNNINGHAM | ) | # C - 1 3 - 1978 - EMC |
| Plaintiff | ) | A M E N D E D |
| -v- | ) | C O M P L A I N T |
| MEDTRONIC INC., et al.,<br>UCSF SPINE CENTER.,<br>DR. SHANE BURCH, M.D., | )<br>)<br>) | *AMENDED-COMPLAINT<br>FEDERAL COMPLAINT LAWSUIT<br>w/ STATE SUPPLEMENTAL CLAIMS |
| Defendants | ) | |
| | ) | *42 USC 1983 (Federal Lawsuit) |
| | ) | *28 USC 1367 (State Supplemental Claims) |
| | ) | |
| | ) | *28 USC 1331-1332 (Diversity of Citizens) |
| _____ | ) | *28 USC 1343, 1391 (Jurisdiction) |
| _____ | ) | |

T H E

C O M P L A I N T

Lorenzo R. Cunningham

D#98935 (Unit: D4A/#A-122)

California Health Care Facility (CHCF)

7707 S. Austin Road

P.O. Box 32050

Stockton, California 95213

IN PRO SE:

RECEIVED

SEP 25 2014

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

(NORTHERN) DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO R. CUNNINGHAM ) | #C - 13 - 1978 - EMC |
| Plaintiff ) | A M E N D E D |
| -v- ) | A P P E N D I X |
| MEDTRONIC INC., et al., ) | |
| UCSF Spine Center., ) | *AMENDED-APPENDIX |
| DR. SHANE BURCH, M.D., ) | APPENDIX OF EXHIBITS |
| Defendants ) | TO THE COMPLAINT |
| ) | *42 USC 1983 (Federal Lawsuit) |
| ) | *28 USC 1367 (State Supplemental Claims) |
| ) | |
| ) | *28 USC 1331-1332 (Diversity of Citizens) |
| ) | *28 USC 1343, 1391 (Jurisdiction) |
| ) | |

T    H    E

A    P    P    E    N    D    I    X

r3

S   E   R   V   I   C   E

## PROOF OF SERVICE BY MAIL
## [CCP §§ 1013(a), 2015.5]

STATE OF CALIFORNIA, COUNTY OF _____

I am a citizen of the County of San Joaquin_____, State of California. I am a citizen of the United States of America. I am over the age of eighteen (18) and not a party to this action. I am a resident of the County of San Joaquin, CDCR#D-98935 My address is:

California Health Care Facility
7707 S. Austin Road (:OB 32050)

Stockton, CA 95213

On Oct. 20, , 2014, I served via United States Mail a copy of the following

document(s): MOTION (Ex Parte)...

The above-noted legal document(s) was placed in a sealed envelope, with postage thereon fully prepaid, addressed to the person at the address indicated below pursuant to California Code of Civil Procedure Section 1013. I placed the envelope or package in a mailbox or other like facility addressed to:

Clerk of the Court
US Dist. Court (Norther)
450 Golden Gate Avenue
San Francisco, CA 94102
Office of Attorney General
1300 I Street
Sacramento, CA 94244

Medtronic Inc.,
710 Medtronic Parkway
Minneapolis, Minnesota 55432
Shane Burch, MD.,
UCSF Spine Center
400 Parmassus Avenue, 3rd Floor
San Francisco, CA 94143

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This document was executed on Oct 20, , 2014 in San Joaquin County, California.

LORENZO R. CUNNINGHAM (Plaintiff)

Type or Print Name

Signature