Lorenzo Renell Cunningham

(AKA: Dr. Askia Sankofa Ashanti)

D#98935 (Unit: D4A/#A-122)

California Health Care Facility (CHCF)

7707 S. Austin Road

P.O. Box 32050

Stockton, California 95213

IN PRO SE:

**NOTE:** UPON ENTRY INTO LAW LIBRARY TODAY ON 11/17/2014 THIS PLAINTIFF REQUESTED XEROX-COPIES TO PROVIDE COPIES TO COURT AND RETURN-COPY FOR PLAINTIFF AND THE LIBRARY-STAFF (MS.KOUBONG/TECH.ASST.) DENIED REQUEST AND TOLD PLAINTIFF TO TELL THE JUDGE TO GET COPIES...
...(P)LAINTIFF HUMBLY REQUEST FOR THE COURT TO PLEASE FILE PLEADINGS RETURN FILED COPY & ISSUE AN ORDER...

FEDERAL DISTRICT COURT

(NORTHERN) DISTRICT CALIFORNIA

| | |
|---|---|
| LORENZO RENELL CUNNINGHAM )<br><br>)<br>Plaintiff )<br><br>)<br>-v- )<br><br>)<br><br>)<br>MEDTRONICS INC., et al., )<br>UCSF SPINE CENTER., et al., )<br>DR. SHANE BURCH, M.D., et al., )<br><br>)<br>Defendants )<br><br>)<br><br>)<br>_____ ) | # C - 14 - 4814 - (EMC)<br><br>*PRELIMINARY INJUNCTION<br>("URGENCY/EMERGENCY REQUEST")<br><br>RE: PLAINTIFF REQUEST A (PI)/(TRO) PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER TO ISSUE AN ("JUDICIAL-ORDER") TO (CHCF) CALIFORNIA HEALTH CARE FACILITY ADMINISTRATION EXECUTIVE-OFFICERS TO DIRECT (LIBRARY-STAFF) THAT PLAINTIFF/INMATE LITIGANT HAS A RIGHT TO FILE CIVIL/CRIMINAL PLEADINGS, MOTIONS & OTHER PAPERS ABSENT A COURT-ORDER PURSUANT TO FEDERAL/STATE CONSTITUTIONAL LAWS, STATUTORY LAWS, DECISIONAL LAWS, RULES OF COURT, AND PRISON (TITLE#15) CODE OF REGULATIONS AND TO OBTAIN XEROX/DUPLICATION SERVICES FOR THE PURPOSES OF COURT-COPIES, AND COPIES FOR PLAINTIFF AND RESPONDENT-PARTIES<br>*************************************** |

TO THE HON. EDWARD M CHEN (FEDERAL JUDGE) FOR THE UNITED STATES DISTRICT COURT OF THE (NORTHERN) DISTRICT OF CALIFORNIA:

◊ooooooooooo◊ooooooooooo◊

(I) JUDICIAL NOTICE:

The *Court is moved to take ("Judicial-Notice") of the facts, laws, and the attached evidentiary-exhibits herein via Preliminary Injunction pleadings along with other Adopted by reference pleadings, see Fed.R.Evid. 201; Belie-eveau v. Cavas, 873 FSupp 1393, 1395 (C.D.Cal,1995); U.S. v. Wilson, 631 F2d 118, 119 (9th Cir,1980) and Florida v. Riley, 488 US 445, 465 (1989).

/////////

/////////

(II) PRO SE STANDARDS:

The *Court is well aware of the various documented pleadings acknowledging Plaintiffs educational credential which has been procurred over a 19-year (1995-2014) span of imprisonment via academic diploma/degree programs such as (i.e. Electrical Diploma; Carpentry Diploma (In Progress); Associate and Bachelor Degrees along with Juris Doctorate Law Degree). Nevertheless, this Plaintiff still invoke the *Noble Court's leniency of deference of the plead-ings per Maleng v. Cook, 490 US 488, 493 (1989); grant liberal construction of the pleadings per Boag v. MacDougall, 454 US 364, 365 (1982); and grant a lesser stringent standard of the pleadings juxtaposed to submissions of the Lawyers/Attorneys, see Haines v. Kerner, 404 US 519, 520 (1972).

/////////

/////////

(III) ADOPT BY REFERENCE:

The *Court has already been moved to take judicial notice of this current and prior pleadings; to substantiate the validity of plaintiffs claims, the Court is additionally moved to Adopt by Reference other pleadings/all plead-ings at issue for the advancement of this civil action per Fed.R.Civ.Proc. 10 (c); Fontana v. Haskins, 262 F3d 871, 877 (9th Cir,2001) and Demarco v. Depo-tech, 149 FSupp 2d 1212, 1220 (S.D.Cal,2001).

The (<u>C</u>)ases at stake or before the bench are: (<u>i</u>) <u>Ashanti v. Calif. Health Care Fac#, et al.</u>, #CV-S-14-1644-KJN (E.D.Cal,2014); (<u>ii</u>) <u>Cunningham v. Medtronics Inc. et al.</u>, #CV-14-4814-EMC (N.D.Cal,2014); (<u>iii</u>) <u>Ashanti v. Tilton, et al.</u>, #CV-S-07-807-MEE/GGH (E.D.Cal,2007); and (<u>iv</u>) <u>Ashanti v. Schwarzenegger, et al.</u>, #05AS04843 (Sac.Co.Sup.Ct.2006).

/////////

/////////

(<u>IV</u>) PRELIMINARY INJUNCTION ("<u>ORDER</u>") THE PLAINTIFF IS NOT REQUIRED TO OBTAIN A JUDICIAL COURT-ORDER VIA FEDERAL LAW & FEDERAL RULES OF THE COURT TO <u>SERVICE AND FILE PLEADINGS WITH THE FEDERAL COURT</u>:

Plaintiff is being deprived by (i.e. Prison Staff/Library Personnel) regarding Ms. Kaur (Librarian) and Ms. S. Koubong (Library Technical Assistant) to Access the Court due to Library-Staff erroneous & illegal beliefs and the practice that due to Plaintiff being placed on a State Court (<u>Vexatious Litigant List</u>) per <u>Calif. Code Civ. Procedure 391.7</u> that Plaintiff needs to obtain either a ("<u>Federal-Court Order</u>") or ("<u>State-Court Order</u>") to file any ("<u>MOTION</u>") or ("<u>OTHER PLEADINGS</u>") in Court to procur prison library xerox duplication services due to a State Court in (2006) placing plaintiff on a vexatious list per Case, <u>Ashanti v. Schwarzenegger</u>, #05AS04843 (Sac.Co.Sup.Ct. 2006)(e.g. Religious Kosher/Halal State Lawsuit). See (<u>EX#A</u>).

Plaintiff informed Library Staff at (CHCF) California Health Care Facility that although the State Court per <u>C.C.P. 391.7</u> in (<u>2006</u>) dismissed the religious kosher/halal diet lawsuit and placed plaintiff on vexatious litigant list, this plaintiff 1-year later in (<u>2007</u>) filed a <u>42 USC 1983</u> federal suit in which the same defendants settled the federal case and placed plaintiff on kosher diet; established halal diet in all-prisons; paid plaintiff attorney fees per <u>42 USC 1988</u> thus ultimately reversing state judgement via federal case <u>Ashanti v. Tilton</u>, #CIV-S-07-807-MCE/GGH (E.D.Cal,2007)(e.g. Religious Kosher-Halal Federal Lawsuit Settled in 2010). See (<u>EX#A</u>).

-3-

Moreover, Plaintiff has constantly informed the (CHCF) Stockton Library Staff that not only does the State-Court (Vexatious Litigant List) pursuant to Calif. Code Civ. Proc. 391.7 does not in no shape, no form, & no fashion effect/affect litigation & adjudication of plaintiff filing ("MOTIONS") and other pleadings within the (Federal-Court); but the C.C.P. 391.7 statute does not prevent the filings of ("Motions") within the (State Court) system; the statute only prevents both Citizen-Litigants & Prisoner-Litigants from filing Initial-Pleadings (i.e. Civil-Suit Matters) via Court Clerks without the approval of a State Court Judge granting permission of filing of the pleadings.

Nevertheless, the Citizen/Prisoner (Litigants) must still submit their (Initial-Pleadings) to the Court for a State-Judge approval; and once the state-case is filed, the litigants are free however absent a State Judge approval to file any ("Motion/Other Pleadings") as they desire, see CCP 391.7; Pennell v.City of San Jose, 485 US 1, 14 (1988); Wolfe v. George, 486 F3d 1120, 1126 (9th Cir,2007); Singh v. Lipworth, 132 Cal App 4th 40, 44 (2005) and Luckett v. Keylee, 147 Cal App 4th 919, 924-925 (2007).

In addition, plaintiff has filed a prison grievance CDCR#22 & CDCR602 per Calif. Code of Regulation #3084.1 (Title#15)(i.e. Grievances) and pursuant to Calif. Code of Regulation #3086 (Title#15)(i.e. Inmate/Parolee Request For Interview, Item & Service) challenging the erroneous/illegal Prison Counseling-Chrono (CDCR#128-A) in that Library Staff xerox Amended-Complaint (Pleadings) filed in (2) federal court cases respectively on 10/1/2014 and 10/2/2014 via cases, Ashanti v. C.H.C.F., et al., #CV-S-14-1644-KJN (E.D.Cal,2014) and Cunningham v. Medtronics Inc. et al,, #CV-13-1978-EMC (N.D.Cal,2014) with plaintiff making copies for both courts in which library-staff (chrono) fails to acknowledge; and plaintiff several days making additional-copies for the defendants in his case preparing for submission/service to Court & U.S. Marshals per Fed.R.Civ.Proc. 4(a)4(m).

-4-

At any event, the Library-Staff ("chrono") absent authority none the less from an Executive Branch/Law Enforcement Officer (i.e. Correctional Captain) has issued an illegal/erroneous library-chrono demanding in violation of the U.S. Constitution, Amendment 1 (Access to Court/Redress of Government Grievance) and the Federal Rules of Court (Fed.R.Civ.Proc. 7,8,9,10) for District Courts; Fed.R.App.Proc. 27 for Appellate/Circuit Courts; and Sup.Ct.R. 21-23 for the U.S. Supreme Court has erroneously required for plaintiff to obtain a Federal Judge ("COURT-ORDER") to be allowed to xerox/duplicate copies to file Motions thus denying plaintiff Access to the Courts, judicial notice (EX#B).

> "(e) The authority to place restrictions on duplication services for any reason as described in this section shall not be delegated to staff below the level of correctional Captain unless the person is designated by the Warden. The reasons for any restrictions on the services provided an inmate shall be documented on a CDC-Form 128-B(Rev.4.74) General Chrono, and placed in the inmates central file." (Title#15) Code of Reg. #3162(e)

Plaintiff has no library xerox/duplication restrictions imposed by him via an Executive Branch Correctional Captain Officer per (CDCR#128-B/General Chrono). The Library Staff/Technical Assistant per (CDCR#128-A/Counseling Chrono) as noted above per prison regulation may not restrict plaintiff xerox-copies for the court, see below regulation.

> "(d) Subject to the length requirements of subsection 3123(c), an indigent inmate who does not have attorney representation may receive duplication services without charge for the following legal documents to a court....(5) Documents in support of a civil action, as authorized by the court or as required by statute or court rule."....(10) Additional documents that are necessary to advance litigation..." (Title#15) Code of Reg. #3162(d)(5)(10)

Plaintiff has the right to Access the Courts by xerox-services to provide copies for the Court and the parties to file (Motions, etc.,) to advance any civil/criminal litigation, see Bounds v. Smith, 430 US 817, 828 (1977); Johnson v. Avery, 393 US 483, 485 (1969); Lewis v. Casey, 518 US 343, 355 (1996). and Jones v. Blanas, 393 F3d 918, 933-937 (9th Cir,2004).

Plaintiff has not been subjected to anytype of library liabilities nor any
penalties for disciplinary measures due to behavior misconduct which mandates
punitive measures with a (CDCR#115) Serious Rule Violation Report nor have
plaintiff been punished for violation of prison library rules for misconduct:

> "(a) Inmate misconduct reported on a CDC Form#115 shall
> be classified serious if: (i) It is a serious discipli-
> nary offense not specified as administrative in section
> 3314(a)(3), an offense punishable as a misdemeanor, whe-
> ther or not prosecution in undertaken, or is a felony,
> whether or not prosecution ss undertaken...."
> (Title#15) Code of Regulation #3315(a)(1)

> "(f) Disciplinary action for an inmate who is found to
> be guilty of a serious rule violation pertaining to
> law library resources, facilities, or staff may include
> a suspension of all physical law library access for up
> to 90 calendar days. This action does not preclude an
> inmate from pursuing legal research through the reasona-
> ble use of law library paging, beginning three calendar
> days after the date of suspension until the suspension
> period ends.
> (Title#15) Code of Regulation #3123(f)

Plaintiff contends the Federal Courts have resolved the issue on prisoner
rights vis-a-vis governmental interest to impinge on constitutional rights
to Access Courts and submit appropriate copies for the courts and parties,
see general pronouncement in, Turner v. Safley, 482 US 78 (1987):

> "As our opinion in Pell, Bell, and Jones show, several
> factors are relevant in determining the reasonableness
> of the regulation at issue. First, there must be a va-
> lid rational connection between the prison regulation
> and the legitimate governmental interest put forward
> to justify it (citation). Thus, a regulation cannot be
> sustained where the logical connection between the re-
> gulation and the asserted goal is so remote as to ren-
> der the policy arbitrary or irrational. Moreover, the
> governmental obective must be a legitimate and neutral
> one. We have found it important to inquire whether pri-
> son regulations restricting inmates First Amendment ri-
> ghts operated in a neutral fashion, without regard to
> the content of the expression (Citation)..."
> (Id. at 89-90)

Plaintiff have a federal/state constitutional right to Access the Courts
per U.S. Const., Amendment 1 and Calif. Const., Art 1, Sec 3, 15, 24.

Either the Citizen-Litigants (Community) and/or Inmate-Litigants (Prison) have legal authority without requiring a Federal Court permission the right right to file federal suits per 42 USC 1983/1997e; Parratt v. Taylor, 451 US 527, 535 (1981); Awabdy v. City of Adelanto, 368 F3d 1062, 1066 (9th Cir, 2004).

Litigants may file ("motions") by way of statute or rules of court without requiring a judicial-order:

> "Every motion to the Court shall clearly state its pur-
> pose and the facts on which it is based and may present
> legal argument in support thereof..."
> *U.S. Supreme Court (Sup.Ct.R. 21(1))

> "Content of motions; response. -Unless another form is
> elsewhere prescribed by these rules, an application
> for an order or other relief shall be made by filing
> a motion for such order or relief with proof of ser-
> vice on all other parties..."
> *U.S. Court of Appeals (Fed.R.App.Proc. 27(a))

> "Motions and Other Papers. (1) An application to the
> court for an order shall be by motion which, unless
> made during a hearing or trial, shall be made in wri-
> ting, shall state with particularity the grounds there-
> for, and shall set forth with relief or order sought..."
> *U.S. District Courts (Fed.R.Civ.Proc. 7(b)(1))

All (3) Federal Courts require copies to be made for the Judges and the Respondent-Party(s) to be serviced in any case complete with a Proof of Service. Judicial notice per Fed.R.Evid. 201 the laws/rules for the judiciary requiring copies; U.S. Supreme Court authority per Sup.Ct.R. 25; the U.S. Appeal Court per Fed.R.App.Proc. 25(d); and the U.S. District Courts authority per Fed.R.Civ.Proc. 7-11; or E.D.Loc.R. 133(d)(2).

The Court is moved per Fed.R.Civ.Proc. 65(a) and/or 18 USC 3626(a)(b) if applicable to order (Library-Staff) 3rd-Party/Non-Defendants in case to allow plaintiff per court rule xerox-copies of (pleadings) to Access the Courts, Mayweather v. Newland, 258 F3d 930 (9th Cir, 2001):

> "Finally, the defendants argue the plaintiffs have failed to meet
> the traditional equitable criteria for granting preliminary in-
> junction. These criteria are: "(1) a strong likelihood of suc-
> cess on merits; (2) the possibility of irreparable injury to the
> plaintiff if injunctive relief not granted; (3) a balance of hard
> ship favoring the plaintiff; and (4) advancement of public interest."
> (Id. at 938)

-7-

Plaintiff move the Court for a (<u>PRELIMINARY INJUNCTION</u>) pursuant the following authoritys to be permitted to receive xerox/duplication legal services to provide court copies and parties with pleadings to Access the Courts, see <u>Mayweather v. Newland</u>, 258 F3d 930, 934-938 (9th Cir, 2001) and <u>Miller v. Calif. Pac. Med. Ctr.</u>, 19 F3d 449, 455 (9th Cir, 1994)(en banc).

## CONCLUSION

Plaintiff move the Court to grant a <u>Preliminary Injunction</u> to be permitted to xerox legal copies/services to provide copies to the court, and the parties within the federal civil suit case per federal rules of court which does not require a Judge to issue an (<u>ORDER</u>) to file Motions & Other Pleadings, see <u>Fed.R.Civ.Proc. 65(a)</u> ("Preliminary Injunctions") along with authority of <u>Fed.R.Civ.Proc. 65(b)</u> ("Temporary Restraining Order").

///


/// <u>NOTE</u>: PLAINTIFF HAS BEEN DENIED TO XEROX-COPY SERVICES OF THE EVIDENTIARY EXHIBITS (i.e. CDC#22/CDC#602) GRIEVANCE-DOCUMENTS TO SUBSTANTIATE ATTEMPTED EXHAUSTION OF ADMINISTRATIVE-REMEDIES VIA (LIBRARY-STAFF) DUE TO ERRONEOUS INTERPRETATION OF LAWS/RULES THAT INMATES MAY ONLY XEROX-COPY OF FINAL 3RD LEVEL-REVIEW OF GRIEVANCES.....
/// .....(P)LAINTIFF OBTAIN PARTIAL-COPYS OF (PI/TRO) PLEADINGS FROM HOUSING UNIT STAFF OUTSIDE OF LIBRARY IN ORDER TO PROVIDE A COMPLETE PLEADING TO THE (2) FEDERAL JUDGES RESPECTIVELY FROM BOTH OF THE (NORTHERN) & (EASTERN) U.S. DISTRICT COURTS!!!

///


I DECLARE UNDER PENALTY OF PERJURY AND THE LAWS OF THE (USA) THE FOREGOING IS TRUE. THIS PAPER WAS EXECUTED ON 11/17/2014 AT STOCKTON, CALIFORNIA.

DR. ASKIA S. ASHANTI, U.D.,
(AKA: LORENZO R. CUNNINGHAM)

## *DECLARATION/AFFIDAVIT

(<u>1</u>) I declare that I am the Declarant (<u>ASKIA ASHANTI</u>/AKA: <u>LORENZO CUNNINGHAM</u>) am under current judgement via <u>People v. Ashanti</u>, #BA-118005 (LA.Co.Sup. Ct.1995) on <u>Vehicle Code 10851</u> (Driving Without Consent/Joyriding) and reside within the California Health Care Facility in Stockton, California.

(<u>2</u>) I declare that I have (2) active federal court cases via <u>42 USC 1983</u> in actions, <u>Ashanti v. Calif. Health Care Facility, et al.</u>, #CV-S-14-1644-KJN (E.D.Cal,2014) and <u>Cunningham v. Medtronics, et al.</u>, #C-14-4814-EMC(pr) (N.D.Cal,2014).

(<u>3</u>) I declare that the Federal (<u>Eastern</u>) District Court via Plaintiff has a filed 10/1/2014 Amended Complaint & Appendix; filed **08/27**/2014 Motion for IFP/Informa Pauperis Request; filed 10/27/2014 Motion for Reconsideration to Grant IFP/Informa Pauperis Request; **F**iled 11/6/2014 Supplemental **C**omplaint & Appendix to Amended Complaint & Appendix via federal laws and Court rules. In addendum, I declare the Federal (<u>Northern</u>) District Court via Plaintiff has a filed 10/30/2014 Complaint & Appendix; filed 10/30/2014 Motion to Relate Back Suit via federal laws and Court rules without requiring a Federal-Judge (<u>Order</u>) to file Complaints/Motions/Other-Papers.

(<u>4</u>) I declare Prison Library-Staff in violation of Federal constitutional, code, case laws, Rules of the Court, and Prison Rules/Regulations denied Plaintiff Access to Court/Xerox-Copys to service further Federal Pleadings to Federal/State Courts illegally & erroneously requiring Court-Order to file pleadings in violation of federal/state laws & rules although Library Staff (<u>Ms.Kaur</u>/<u>Ms.Koubong</u>) xeroxed above legal-pleadings for the Courts.

I DECLARE UNDER PENALTY OF PERJURY AND THE LAWS OF THE (USA) THE FOREGOING IS TRUE. THIS DECLARATION/AFFIDAVIT WAS EXECUTED ON 11/17/2014 AT STOCKTON, CA.

DR. ASKIA S. ASHANTI, J.D.,
(AKA: LORENZO R. CUNNINGHAM)

-9-

# E X H I B I T

# I N D E X

EX#A:  *State Court Order (Pre-Filing Orders)
        Ashanti v. Schwarzenegger, #05AS04843 (Sac.Co.Sup.Ct.2006)

       *California Judicial Council (Vexatious Litigant List)
        Ashanti v. Schwarzenegger, #05AS04843 (Sac.Co.Sup.Ct.2006)

       *Prison Legal News (Kosher/Halal Religious Diet)
        Ashanti v. Tilton, #CIV-S-07-807-MCE/GGH (E.D.Cal,2007)

EX#B:  *Prison Document (CDC#128-A Counseling Chrono)

       *Prison Document (Library/Legal Copy Service Form)

       *Plaintiff Letter (Library Issue)

////

////

////



MC-700

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*<br>(To be completed only if a party is making this motion) | FOR COURT USE ONLY |
|---|---|
| ATTORNEY FOR *(Name):* | |

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY, AND MAILING AND STREET ADDRESS:

SACRAMENTO SUPERIOR COURT
720 9th Street
Sacramento, CA 95814

CASE NAME:
ASKIA ASHANTI VS. ARNOLD SCHWARZENEGGER

| PREFILING ORDER—VEXATIOUS LITIGANT | CASE NUMBER:<br>05AS04843 |
|---|---|

1. Name and address of plaintiff(s) or cross-complainant(s) who is subject to this prefiling order:
   AKIA S. ASHANTI a.k.a. LORENZO CUNNINGHAM, D#98935/M-224L
   CALIFORNIA MEDICAL FACILITY, P.O. BOX 2000
   VACAVILLE, CA 95696-2000

2. This prefiling order is entered pursuant to a motion made by ☐ the court ☑ party *(name):*
   Defendant ARNOLD SCHWARZENEGGER, et al

3. The individual(s) mentioned in item 1 is prohibited from filing any new litigation in propria persona in the courts of
   California without approval of the presiding judge of the court in which the action is to be filed.

4. The clerk is ordered to provide a copy of this order to the California Judicial Council by fax at (415) 865-4329 or by
   mail at the address below.

| | |
|---|---|
| Vexatious Litigant Prefiling Orders<br>California Judicial Council<br>Administrative Office of the Courts<br>455 Golden Gate Avenue<br>San Francisco, California 94102-3688 | Date: JUN 1 4 2006<br><br>JUDGE<br>LOREN E. McMASTER |

*(Bottom fold line if using a window return envelope)*

RE: Kosher/Halal Religious Diets

The annexed instrument is a correct copy of
the original on file in my office.

Attest:
Certified:                JUN 3 0 2009

Superior Court of California
County of Sacramento
By _____ Deputy Clerk

NOTE: State-Court Case, Ashanti v. Schwarzenegger,
#05AS04843 (Sac.Co.Sup.Ct.2006) dismiss religion
kosher/halal diet lawsuit. Federal-Court Case,
Ashanti v. Tilton, #CV-S-07-807-MCE (ED.Cal,2007)
Settled-Case/paid Attorney-Fees/granted Kosher/Halal CDC-Diets...

Form Adopted by the
Judicial Council of California
MC-700 [New January 1, 1997]
Mandatory Form

PREFILING ORDER—VEXATIOUS LITIGANT

Code of Civil Procedure, § 391.7

American LegalNet, Inc
www.USCourtForms.com

A1

EXHIBIT A

NOTE: State Court/Judicial Branch Use Only....
*Code Civ. Proc. 391.7
(RE: Approval/Initial-Filing)

Vexatious Litigant List
BOLD = Added names

**VEXATIOUS LITIGANT LIST**

Prepared and Maintained by the Administrative Office of the Courts
From Prefiling Orders Received from California Courts
(Orders prohibiting future filings entered through June 1, 2011)

| LAST NAME | FIRST NAME | MIDDLE | COURT | CASE NO. | DATE | COMMENTS |
|---|---|---|---|---|---|---|
| ALVA | Christopher | G. | Contra Costa Superior Court | MSD0704899 | 05/24/10 | |
| ALVAREZ | Manuel | Ayala | Sacramento Superior Court | 07AS00760 | 06/15/07 | |
| ALVAREZ | Martha | B. | Los Angeles Superior Court | YS020153 | 12/10/09 | |
| AL-ZAGHARI | Eva | | San Mateo Superior Court | F055586 | 03/25/03 | |
| AMI ELECTRIC | | | Sacramento Superior Court | 342010000080500 | 01/31/11 | See Niklloros Kallountzos |
| AMKANITSKITY | Alexandr | G. | San Diego Superior Court | GIC760144 | 02/14/01 | See SCSD GIC758829 & GIC758748 |
| AMKANITSKIY | Mikhail | | San Diego Superior Court | GIC760144 | 02/14/01 | See SCSD GIC758829 & GIC758748 |
| AMKHANITSKAYA | Fanya | | San Diego Superior Court | GIC760144 | 02/14/01 | see SCSD GIC758829 & GIC758748 |
| AMKHANITSKIY | Aleks | | San Diego Superior Court | GIC760144 | 02/14/01 | see SCSD GIC758829 & GIC758748 |
| AMKHANITSKIY | Fanya | | San Diego Superior Court | GIC760144 | 02/14/01 | see SCSD GIC758829 & GIC760144 |
| AMKHANITSKIY | Mike | | San Diego Superior Court | GIC760144 | 02/14/01 | see SCSD GIC758829 & GIC760144 |
| AMKHANITSKIY | Mikhail | (Fanya) | San Diego Superior Court | GIC758748 | 02/14/01 | See SCSD GIC758829 & GIC760144 |
| AMKHANITSKIY | Mikhail | (Al Fane) | San Diego Superior Court | GIC760144 | 02/14/01 | see SCSD GIC758829 & GIC758748 |
| AMKHANITSKIY | Mikhail | (Mike) | San Diego Superior Court | GIC758829 | 02/14/01 | see SCSD GIC758829 & GIC758748 |
| ANAYA | Gustave | R. | Los Angeles Superior Court | LC041597 | 02/20/98 | |
| ANAYA | Olivia | A. | Los Angeles Superior Court | LC041597 | 02/20/98 | |
| ANDERSEN | Nicholas | | Santa Barbara Superior Court | 1196888 | 06/19/06 | |
| ANDERSEN CDCR#-39343 | Andrew | | Monterey Superior Court | M96461 | 01/15/10 | |
| ANDERSON | Jashym | | Alameda Superior Court | RG11554554 | 04/27/11 | |
| ANDERSON | Mae | | Los Angeles Superior Court | BP3827 | 11/09/93 | Order states specifics. |
| ANDREWS | Antolin | | San Diego Superior Court | BC243366 | 02/01/02 | aka: Antolin Patric Wayne / Antolin Andrew Marks |
| ANDRISANI | Albert | | Court of Appeal, 2nd Dist, Div 5 | B069085 | 09/02/92 | |
| ANDRISANI | Samuel | | Court of Appeal, 2nd Dist, Div 5 | B094897 | 02/05/96 | |
| ANGELO | Denise Rachelle | D'Sant | Ventura Superior Court | CIV235809 | 12/04/09 | aka Denise D'Sant Angelo |
| ANKELE | Griselda | | Santa Clara Superior Court | 101PR148677 | 11/26/07 | |
| ANSARI | Aneesah | Zakiyyah | San Bernardino Superior Court | CIVVS1101464 | 03/14/11 | |
| ARCHIE | Tina | Lechelle | Contra Costa Superior Court | D0900446 | 12/06/10 | |
| ARINZE | Anthony | C. | San Diego Superior Court | D468614DMS | 03/07/03 | |
| ARONDEE | | | Orange County (South) Muni Ct | 82194 | 02/23/93 | |
| ASHANTI (DJ#8935/M0-224L) | Akia, Gloria | S. | Sacramento Superior Court | 05AS04843 | 06/14/06 | |
| ASHWORTH | Maya | | San Luis Obispo Superior Court | CV020374 | 05/19/03 | |
| ASTORGA | Maria | | San Joaquin Superior Court | 236678 | 05/16/91 | |
| ATKINSON | Barbara | J. | Ventura Superior Court | CV173053 | 01/29/98 | |
| AUGUST | Melanie | | Merced Superior Court | 149945 | 01/23/09 | |
| AUGUST | Melanie | | Merced Superior Court | 149983 | 01/23/09 | |
| AUGUST | Melanie | | Merced Superior Court | 149982 | 01/23/09 | |

2

6/1/2011



# California Muslim Prisoner Afforded Access to Kosher Diet Pending Implementation of "Religious Meat Alternate Program"

### by Mike Brodheim

In February 2010, the California Department of Corrections and Rehabilitation (CDCR) entered into a stipulated settlement agreement with Muslim prisoner Askia Ashanti, providing him with access to CDCR's Jewish Kosher Diet Program pending the prison system's implementation of a "Religious Meat Alternate Program" (RMAP) consistent with Muslim dietary practices.

As part of the settlement agreement, the CDCR agreed to pay $5,000 to Ashanti's counsel for attorney fees incurred in representing Ashanti, who initially filed suit pro se. The CDCR made no admission of liability as part of the settlement agreement.

Ashanti had filed a lawsuit in 2007, alleging pursuant to 42 U.S.C. § 1983 that he had been denied a halal diet required by the tenets of his Islamic faith in violation of the First Amendment's Free Exercise Clause, the Fourteenth Amendment's Equal Protection Clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, et seq.

He also alleged that CDCR officials had violated his constitutional rights, as well as RLUIPA, by failing to provide an interfaith worship facility appropriate for Muslims.

One day after entering into the settlement agreement, the CDCR amended its rulebook and added the "Religious Meat Alternate Program" as Section 3054.3 to Title 15 of the California Code of Regulations.

Ashanti said his complaint was one of several lawsuits brought by Muslim prisoners to address issues related to their exercise of religious rights.

Yet nine months after the stipulated settlement, on November 5, 2010, Ashanti moved the district court for permission to withdraw from the voluntary dismissal of the case. Ashanti asserted that the CDCR had altered the terms of the understanding of the agreement only one month after the settlement, by providing a halal meal only for dinner while breakfast and lunch consisted of a vegetarian "no-meat" diet rather than halal meals. This contrasted with the prison system's Jewish Kosher Diet Program, which provided three kosher meals per day.

According to CDCR's own regulations, Ashanti's description was accurate. DOM Chapter 5, Article 51 (Food Service), Section 54080.14, revised July 13, 2010, states that "The RMAP is only offered at the dinner meal. Inmate participants in the RMAP shall receive the vegetarian option at breakfast and lunch."

However, the court denied Ashanti's request to withdraw from the stipulated settlement on June 8, 2011, finding the case had been dismissed with prejudice and the court therefore lacked jurisdiction to act on any further motions. See: *Ashanti v. Tilton*, U.S.D.C. (E.D. Cal.), Case No. 2:07-cv-00807-MCE-GGH.



## *Stamps for* CASH!

*Great Goods will buy your stamps!*

**70%** of Face Value: *Complete books or sheets of Forever Stamps,*

**65%** of Face Value: *Complete books, rolls, or strips of 44-cent stamps (10 stamps min.)*

**60%** of Face Value: *High or Low Denomination stamps (above/below 44-cents) 10 stamps min.*

#### Payment sent within 24 hours of receipt.

We will send your funds as a money order, electronic payment to anywhere you designate. Great Goods can also send payment to an approved package vendor. Please provide complete name and address of where to send your funds. Also include any required forms or special instructions.

Minimum money order of $20. • No quantity of stamps too big. • No taped or stapled stamps. • Used, damaged, torn stamps not accepted and cannot be returned. • Stamps MUST be on original postal backing. • Only new stamps accepted. • No singles or partials will be accepted and they cannot be returned.

## GREAT GOODS

PO Box 399, West Chesterfield NH 03466
www.greatgoods.org








*California Department of Corrections and Rehabilitation*                    *CDC 128-A*

Inmate Cunnigham, Lorenzo R. AKA Ashanti, CDCR# D98935, Housing Unit: D4A-123, came into the library at approximately 13:00 on October 6, 2014. At 14:00, he came over to me and requested that his document be copied, An Amended Complaint, Case #CIV-S-14-1644. When I asked him the reason for the copy, he gave FRCP 15(a)(c) and claimed that he can make an amended complaint as many times as he could. As per FRCP 15(a)(c), "A party may amend its pleading once as a matter of course within: (a) 21 days after serving it".  Also, according to his Court Civil Docket, he has submitted and the court has filed his "Amended Complaint" on October 1, 2014, and six days later, he requested for more copies claiming that he is sending his "Amended Complaint" to the court.

Inmate Cunnigham's request for copies has been frivoulous in the past, and in this instance, he has provided a false information and that this action must be taken seriously as per CCR 3123 (f). Therefore, I highly recommend that all future copy request must be accompanied by a most recent court order and each copy job be under 50 pages.

S Koubong,/Library Tech Asst.                    10/21/14
                                                 Date

cc: Central File
    Correctional Counselor I
    Education File
    Inmate                    *COUNSELING CHRONO*                    *CHCF-Stockton*

β|

1

## LEGAL COPY SERVICE FORM

**Copy service will be limited to 602s and legal documents as defined in DOM 101120.15 and 15CCR 3162(c). *Documents exceeding 50 pages in length must be accompanied by an explanation of the need for excess length and will require permission from a library supervisor.* All documents submitted for copying must be complete and ready for mailing.**

### NO INMATE MAY SUBMIT ANOTHER INMATE'S DOCUMENTS FOR COPYING

Copy requests may require up to 5 working days for completion, not including holidays. Do not expect immediate service because of lack of planning to meet legal deadlines.

*Justification in the form of a statute or court rule must be provided for more than two copies.*

### PLEASE PRINT AND WRITE LEGIBLY

I have read the above rules and conditions for copy service. I accept these conditions and any other conditions found in CDCR DOM, Title 15, and CHCF DOM supplements and operating procedures.

**Full Name (Print):** _Cunningham, Ashanti_  **CDC #** _D-98935_ **Housing:** _D4A/4122_

**Type the document: (1) Writ of Habeas Corpus (2) Civil Action (3) State/Civil Suit (4) Petition for hearing in an appellate court (5) Petition for a writ of certiorari to the Supreme Court (6) Motion to proceed *in forma pauperis* (7) Exhibits, *including slip of opinions of the California Court of Appeals, when attached to petitions for hearing in the State Supreme Court* [*Written explanation of the need for such copying must be supplied for a library supervisor's approval*] (8) 602 and other documents necessary to advance litigation**

**# of pages** _36_   **# of copies needed** _3_   **Total # of pages** _108_   **Total Charge: $_____**

**Inmate's Signature** _A Cunningham Ashanti_   **Date** _11/10/2014_

**Approved/Denied by:** _____   **Date** _____

CHCF Library Staff

**Justification of Need**: Court Rule Require _3_ Sets

Explanation for excess pages and/or excess copies:

_(2) Copies for Court_
_(1) Copy for Plaintiff (Conform Filed Copy Return)_

---

### INMATE IS TO **SIGN & DATE** BELOW AFTER COPYING IS COMPLETED AND ORIGINALS **RETURNED**

**INMATE'S SIGNATURE**                                              **DATE**

**X**

_____

Denial authorized by: Custody Capt./ or above

**\*\*\*\*\*REMOVE ALL TAPE AND STAPLES. SEPARATE ALL DOUBLE SIDED COPIES TO BE DARKENED\*\*\*\*\***

*BJ*

Dr. Askia Sankofa Ashanti, J.D.,
(AKA: Lorenzo Renell Cunningham)
D#98935 (Unit: D4A/#A-122)
California Health Care Facility
7707 S. Austin Road
P.O. Box 32050
Sacramento, California 95213//95215

RE: Legal/Confidental Letter...    *11/11/2014 ("Veteran's Day")

ATTN: *Office of Inspector General (OIG)., (Mr. Robert A. Barton, Esq.,).,
      *Dr. Jeffrey Beard, Ph.D., (CDCR/Office of Secretary).,
      *Ms. Sara Malone (CDCR/Chief Ombudsmen).,
      *Mr. Brian Duffy (CHCF/Office of Warden).,
      *Dr. Donald Specter, J.D., (PLO/Prison Law Office).,
      *Dr. Michael W. Bien, J.D., (Law Offices of Rosen/Bien/Galvan, LLP).,
      *Dr. Kamala Harris, J.D., (AG/Office of Attorney General).,

RE:   REQUEST FOR INTERVENTION & RESOLUTION TO DIRECT AND ORDER
      THE (CHCF) CALIFORNIA HEALTH CARE FACILITY LIBRARY STAFF
      (MS. S. KOUBONG., Library Technical Assistant/LTA) AND
      (MS. KAUR., CHCF/Librarian) PER FEDERAL & STATE LAW AND/OR
      VIA PRISON RULES/REGULATION TO XEROX LEGAL COPIES OF COURT-
      CASE MOTIONS AND TO CEASE & DESIST ILLEGAL DENIAL OF THE
      ACCESS TO THE COURTS.../&/...INMATE/PATIENT IS INCURRING BIAS,
      PREJUDICE, DISCRIMINATION & RETALIATION DUE TO LIBRARY-COMPLAINTS...
                      ///////////////////

     Greetings! As always, may this communique find all and everyone in the
best of health and spirits and Happy Veteran's Day! I apologize of bringing
to all attention an unfortunate incident, but Governmental intervention and
resolution is required to terminate what appears an never-ending and conti-
nuous violation of Civil-Rights of Ms. Kaur & Ms. Koubong who may be recent
Citizens to America and have been less than 1-year employed with the (CDCR)
and (CHCF) California Health Care Facility.

(*) PRISONER/CITIZEN RIGHTS & PRIVILEGES TO ACCESS THE COURTS:
     On 11/10/2014, this Patient entered the CHCF/Library to xerox-copies of
an active court case (MOTION: IFP/Fee Waiver & Appointment of Counsel) for the
Case: Cunningham v. Medtronics Inc., #CV-14-4814-EMC (pr) (N.D.Cal,2014) before
Federal District Judge (HON. EDWARD M. CHEN) via (Northern) District of Cali-
fornia. This Patients federal civil-case (i.e. Medical Malpractice & Product
Liability) was filed 10/30/2014.

                        -1-

The following events occured which resulted in Library Staff (S. KOUBONG) employed as a (LTA) Library Technical Assistant occured resulting in this Inmate/Patient (Grievant) Federal/State Civil-Rights being denied by the individual above name with respect to law and rule:

(1) Firstly, (LTA) erroneously mandated for Patient to exit Library to Housing Unit to retriev any Court filed-document (Complaint) that a case exist although no law/rule demand such an act. To be compliant, Patient exit library to unit and procurred filed Oct/2014 Complaint document.

(2) Secondly, (LTA) erroneously mandated for Patient to produce a filed Court (Order) to show a Judge granting permission for Inmate to file a Motion. Patient informed the (LTA) such a requirement is not mandated due to once a suit is filed, any party may file a (Motion) to advance litigation of the suit.

(3) Thirdly, (LTA) erroneously stated to Patient that the Library must use its computer-system to contact the court-system to verify that any case exist and if the Inmate has permission to file motions. Patient informed (LTA) via 19-years (1995-2014) the (CDCR) state prison has never enacted any rule; and nor does any federal/state law exist authorizing Library to contact the courts everytime an Inmate files a Complaint, Motion or Appeal and that Patient is being oppressed/discriminated against due to numerous CDC#22/#602's filed on her as staff (Ms. Koubong).

(4) Fourthly, (LTA) erroneously stated to Patient that he is disqualified due to name being on State-Court (Vexatious Litigant List) and therefore Inmate is barred from filing (Motion) in Federal-Court. Patient informed the (LTA) that in (2006) via case Ashanti v. Schwarzenegger, #05AS04843 (Sacramento.Co.Sup.Ct.2006)(e.g. Religious Kosher/Habal Diet Suit) the Patient state lawsuit was dismissed and Patient was placed on State-Court (Vexatious Litigant List). Furthemore a year later in (2007) Patient refiled federal lawsuit via Ashanti v. Tilton/CDC-Secretary, #CIV-S-807-MCE(GGH) (E.D.Cal,2007) and after 3-years of litigation (2007-2010) the Federal lawsuit was settled (e.g. Religious Kosher/Halal Diet) in which Attorney was paid $5000 fee, Patient placed on kosher diet, CDCR implementing halal diet in all 35-prisons. In addendum, per C.C.P. 391.7 (Vexatious Litigant List) State-Court does not bar any filings nor has no effect to Federal-Court filings and even in State-Court filings the Litigant/Patient must still submit (Any-Pleadings) to State-Court for State Judge approval to file the papers and Prison-Librarians don't make decisions whats filed in any Court!



(5) **Fiftly**, the (LTA) erroneously and disrespectfully in demeanor told the Patient to return to seat and no copies of xerox will be made; the (LTA) then threatened the Patient that if he continued to be argumentative that she will activate the Security-Alamm to have Patient removed from library. Patient following law/rule returned to seat with his ADA-Walker and sat down awaiting for the library un-lock period to exit library to Unit.

***************

This Patient is a particpant in the (CCC-MS) Mental-Health program and is diagnosed with (i.e. Bi-Polar Disorder/Manic-Depressive). This Patient while sitting in his ADA-Walker began to experience severe stress/distress, chest became constricted, and became light-headed, This Patient began to experience dizziness and blanked-out, fell on the floor injuring head and back. The Medical Alarm was activated, the Patient was taken in a gurney via Medical Staff to medical unit and was given xrays on the head and back to insure the metalrods in neck and back did not break or fracture. Patient has had 1-neck surgery,and 4-back surgeries in 2001, 2007, 2x/twice in 2012. In 2012, the hardwarerods broke in back while exiting the bed to use the restroom requiring 21-day hospitilization at the UCSF Spine Center in San Francisco.

Patient was denied federal/state civil rights to Access the Courts when the (LTA) denied legal xerox/duplication services via the below authorities:

*U.S. Constitution, Amendments 1, 8, 14
*Calif. Constitution, Art 1, Sec 1, 15, 24
*42 USC 1983, 1997e
*Calif. Code of Regulation #3162(a)-(d)(5)(9)(10) (Title#15)
*Lewis v. Casey (1996) 518 US 343
*Bounds v.Smith (1977) 430 US 817

This Patient is a 3-Strike/25-to-life defendant via Vehicle Code 10851 (Driving Without Owner Consent/Joyriding) per People v. Ashanti, #BA-118005 (Los Angeles.Co.Sup.Ct.1995). During 19-year (1995-2014) imprisonment, via Educational diploma/degree programs, Patient has proccurred his Electrical Diploma; Carpentry Diploma (In Progress); Associate Degree; Bachelor Degree; and Juris Doctorate Law Degree!

This Inmate/Patient "move" any and all Governmental & Officer of the Court (Attorneys at Law) authority to direct/order the Library Staff at (CHCF) Stockton medical facility to xerox (Motion) to Access the Courts/

DR. ASKIA S. ASHANTI//J.D.,
(AKA: Lorenzo R. Cunningham)

-3-

S   E   R   V   I   C   E

CUNNINGHAM                    #C-14-4814-EMC

      V.                      *PROOF OF SERVICE

MEDTRONIC INC.,

_____/


I declare that I am over the age of (18) and am a party to cause of action.
I declare that I serviced the below parties with copy of the documents:
(RE: Preliminary Injunction/Temporary Restraining Order) by depositing copy
in the US MAIL system at the California Health Care Facility in Stockton,
California:


Clerk of the Court                 Medtronic Inc.,
Federal District Court             Office of Legal Counsel
(Northern) Dist. Calif.,           710 Medtronic Parkway
450 Golden Gate Avenue             Minneapolis, Minnesota 55432
San Francisco, California 94102


                                   Shane Burch, MD.,
                                   UCSF Spine Center
                                   400 Parmassus Avenue, #3rd-Floor
                                   San Francisco, California 94143


I DECLARE UNDER PEALTY OF PERJURY AND THE LAWS OF THE (USA) THE FOREGOING IS
TRUE. THIS SERVICE WAS EXECUTED ON 11/17/2014 AT STOCKTON, CALIFORNIA.

                              LORENZO R. CUNNINGHAM
                              (AKA: DR. ASKIA S. ASHANTI, J.D.)