UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORENZO R. CUNNINGHAM, a/k/a ASKIA ASHANTI,

    Plaintiff,

v.

MEDTRONIC, INC.; *et al.*,

    Defendants.

    No. C-14-4814 EMC (pr)

**ORDER (1) DENYING REQUEST FOR TRO/INJUNCTION AND (2) TO SHOW CAUSE WHY PAUPER STATUS SHOULD NOT BE DENIED**

    Plaintiff, currently incarcerated at the California Health Care Facility in Stockton, filed this *pro se* civil action complaining about back surgery performed on him in 2012 at the University of California, San Francisco. The defendants are the back surgeon and the manufacturer of medical hardware that was placed in his back during surgery. Plaintiff has applied to proceed *in forma pauperis*. Plaintiff also has filed a request for injunctive relief.

A.    <u>Preliminary Injunction/TRO Request</u>

    Plaintiff has filed a request for a preliminary injunction or temporary restraining order ("TRO") to compel officials at the California Health Care Facility ("CHCF") to direct law library staff to make photocopies for him.

    The defendants in this action are not employed at the CHCF, and the claims in this action have nothing to do with the law library at that facility. Plaintiff has not explained how defendants – a surgeon at UCSF and a medical device manufacturer – could exert any control over the photocopying practices at a law library at the CHCF. Plaintiff cannot obtain a preliminary injunction or a TRO against a nonparty for wrongs different from the medical care claims presented

in the complaint in this action. *See Kaimowitz v. Orlando, Fl.,* 122 F.3d 41, 43 (11th Cir. 1997), *cert. denied*, 523 U.S. 1138 (1998) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit"); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"); *id.* (denying injunctive relief because "[i]t is self-evident that [plaintiff's] motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of [his] 42 U.S.C. § 1983"). If Plaintiff wants to complain about access to the law library and photocopies at the CHCF, he should file a new action in the U.S. District Court for the *Eastern* District of California, rather than the Northern District, because the CHCF is located in the Eastern District. Plaintiff's request for a TRO or preliminary injunction therefore is DENIED. (Docket # 6.)

B.     Order To Show Cause Re. Pauper Status

A prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Plaintiff has filed many cases does not alone warrant dismissal under § 1915(g). *See id.* Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other

2

relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, and also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Plaintiff's prior prisoner actions and appeals reveals that he has had at least three such actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) *Ashanti v. Daniel*, E. D. Cal. Case No. CIV S-98-2145 WBS JFM (dismissed for failure to state a claim (*see* order filed May 17, 1999, adopting findings and recommendations filed April 16, 1999)); (2) *Ashanti v. Whitfield*, E. D. Cal. Case No. CIV S-00-0086 DFL JFM (dismissed for failure to state a claim (*see* orders filed January 31, 2000 and March 1, 2000, and Ninth Circuit's June 21, 2011 memorandum affirmance of that dismissal in Ninth Cir. Case No. 00-15540)); (3) *Ashanti v. American Tobacco*, E. D. Cal. Case No. CIV S-00-0706 LKK JFM (dismissed as frivolous (*see* order filed June 7, 2000, adopting findings and recommendations filed April 14, 2000, and Ninth Circuit's January 24, 2001 memorandum affirmance of that dismissal in Ninth Cir. Case No. 00-16104)); and *Ashanti v. Lockyer*, C. D. Cal. No. CV 00-2160 CBM (dismissed as frivolous (*see* order filed March 24, 2000, and Ninth Circuit's February 16, 2001 memorandum affirmance of that dismissal in Ninth Cir. Case No. 00-55668)).

Plaintiff indicates in one of his filings that he wants the hardware that was surgically placed in his back to be removed immediately due to his daily pain and his exposure to the possibility of it breaking/fracturing. *See* Docket # 5. The back surgeon has strongly advised against such a course

of action. In the defendant-doctor's postoperative notes from a September 23, 2013 visit one year post-surgery, he wrote this about Plaintiff's wish to have the hardware removed:

> [Patient] reports that since the last encounter he has noticed a zero percent change in his overall condition. In my opinion it would be remiss to remove his instrumentation. Although his xrays show the fusion progressing if the instrumentation was to be removed the PSO [i.e., pedicle subtraction osteotomy] site would most likely fail. He appeared frustrated by this discussion and I have encouraged him to seek a second opinion regarding this. Certainly in my hands I do not think removal of instrumentation would be a wise choice for him as it would not improve the symptoms he is experiencing.

Docket # 2 at 92. In his response to the order to show cause, Plaintiff should submit any medical evidence he has to support his layman's view that removal of the hardware would improve his condition and any evidence that he has that the hardware is in imminent danger of failing or breaking.

In light of the above-mentioned dismissals, and because Plaintiff does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing filed no later than **December 31, 2014** why *in forma pauperis* should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why the action should not be dismissed, Plaintiff may avoid dismissal by paying the full $400.00 filing fee by the deadline.

IT IS SO ORDERED.

Dated: December 2, 2014

_____
EDWARD M. CHEN
United States District Judge

4