Lorenzo R. Cunningham

D#98935 (Unit: D4A/#A-122)

California Health Care Facility

7707 S. Austin Road

P.O. Box 32050

Stockton, California 95213

IN PRO SE:

*NOTE: PLAINTIFF REQUEST
FOR COURT TO PROVIDE A
XEROX-FILED COPY OF THE
PUBLICATION-MOTION DUE TO
LIBRARY DENIAL OF REQUEST...

**FILED**

DEC - 5 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FEDERAL DISTRICT COURT

(NORTHERN) DISTRICT OF CALIFORNIA

LORENZO R. CUNNINGHAM          )

       Plaintiff          )

      -v-          )

MEDTRONICS INC., et al.,          )
UCSF SPINE CENTER, et al.,          )
DR. SHANE BURCH, MD., et al.,          )

      Defendants          )

      _____)
      _____)
      _____)

#CV-14-4814-EMC (pr)

*P U B L I C A T I O N

PLAINTIFF MOVE THE COURT FOR A
("PUBLICATION-REQUEST") TO CLARIFY
FEDERAL/STATE LAWS & RULE FOR THE
PLAINTIFF TO PROVIDE XEROX-DUPLICATION
TO THE COURT AND RESPONDENT PARTIES
DUE TO LIBRARY-PRISON STAFF ERRONEOUS
BELIEF THAT PLAINTIFF REQUIRES ANEW
A COURT ("ORDER") TO FILE MOTIONS
TO ADVANCE LITIGATION AFTER THE FILING
OF A COMPLAINT...

TO THE HON. EDWARD M CHEN (FEDERAL JUDGE) FOR THE UNITED STATES DISTRICT

COURT (NORTHERN) DISTRICT OF CALIFORNIA:

◊ooooooo◊oooooo◊

(*) PUBLICATION (RE: XEROX COPIES):

    The Court is moved to take Judicial Notice and to Adopt by Reference the

prior pleading Cunningham v. UCSF Spine Center, et al., #CV-13-1978-EMC (pr)

as it relates to current pleading, Cunningham v. Medtronics Inc., #CV-14-4814-

EMC (N.D.Cal,2014), see Fed.R.Evid. 201 and Fed.R.Civ.Proc. 10(c).

-1-

The Court in April/2013 initially filed plaintiff's 42 USC 1983 lawsuit (i.e. medical malpractice & product liability); the case was voluntarily dismissed in November/2013 per Fed.R.Civ.Proc. 41(a) in action, Cunningham v. UCSF Spine Ctr., et al., #CV-13-1978-EMC (N.D.Cal,2013). Plaintiff sought to Reopen Judgement via Fed.R.Civ.Proc. 60(b) for Relief; the 6ourt denied the Motion-Request on 10/14/2014; but also warned plaintiff that he may refile a new lawsuit due to old lawsuit being dismissed without prejudice.

On 10/30/2014, the Court re-filed anew plaintiff's 42 USC 1983 via action Cunningham v. Medtronics Inc., et al., #CV-14-4814-EMC (N.D.Cal,2014) that contains amended new claims, facts, and laws; and the mistaken defendants of (i.e. Osteotech Co. & NuVasive Co.) dismissed from case whom are not the manufactures of the product liability claims with the correct defendant added to the case as manufacturer of defective back surgery-rods (i.e. Medtronics Inc.). Not only did the Court file the (CHCF) California Health Care Facility Library Staff (i.e. Xerox-Copys) of the October/2014 ("Complaint"); but also filed the accompanying ("Motion").

## //////////////////////

(a) State Court (Pre-Filing Order/Vexatious Litigant):

The defendants Staff-Employees (i.e. Ms. Kaur/Librarian & Ms. Koubong/Library Technical Assistant) recently downloaded a Judicial State Court printout of a (Vexatious Litigant List) which contains approximately 99% Citizen Litigants and 1% Prison Litigants statistically speaking. Per Calif. Code Civil Procedure 391.7 the (Vexatious Litigant List) applies to State Court litigation and does not effect Federal Court litigations of plaintiffs/petitioners which mandates for State Court/Judges to screen Initial-Civil Complaints "only" via Pre-Filing Orders prior to granting permissions for the Clerks to file the Complaint. Once Complaint is filed, no further court approval is required to the filing of Motions to advance litigation, C.C.P. 391.7, supra.

The (Vexatious Litigant List) C.C.P. 391.7, supra., statute does not ef-
fect a litigant for prosecuting civil or criminal cases in Federal Court per
28 USC 2241-2254 (Habeas Corpus Writs) or 42 USC 1983 (Civil Suits) nor appeals
before the Circuit Court via 28 USC 1291/1292; Fed.R.Civ.Proc. 4 (Appeals and
Interlocutory Appeals); nor Writs of Certiorari per 28 USC 1254, 1257. Only
Initial Filings of (Civil Cases) by State Judges to approve Pre-Filing Orders
for State Clerks to file pleadings. After the State Initial Pleading/Complaint
is filed, a state litigant is free to file Motions & Other Papers (Case Manage-
Conference, Summary Judgements, Pre-Trial Statement Conference, etc.,) to ad-
vance or prosecute the civil suit but criminal state cases are not effected
nor require a State Judge/State Court approval for filing, see Pennell v. City
of San Jose, 485 US 1, 14 (1988); Wolfe v. George, 486 F3d 1120, 1126 (9th Cir,
2007); and Luckett v. Keylee, 147 Cal A p 4th 919, 924-927 (2007) and Singh v.
Lipworth, 132 Cal App 4th 40, 44 (2005).

///////////////////////

(b) Federal Court (Access to Court/Xerox Services for Parties):

   Federal Litigants (vexatious/3-Strike Rule) via 28 USC 1915(g) governs the
Federal Judges/Federal Courts to adjudicate Initial Federal (Actions) to only
require the plaintiff/petitioner to pay a filing-fee if the litigant is not
granted (IFP) informa pauperis status, see Canell v. Lightner, 143 F3d 1210,
1212 (9th Cir,1998) and Rodriguez v. Cook, 169 F3d 1176, 1177-1178 (9th Cir,
1999).

   Otherthan this, the federal litigants (plaintiffs/petitioners) have a fe-
deral constitutional, statutory and decisional law right to file civil/criminal
cases in Federal Court not restricted by state statute, Calif. Code Civ. Proc.
391.7; generally see, U.S. Const., Amend. 1 & 14 (Access to Court; Redress of
Grievances; Due Process); 28 USC 2241/2254/2255; 42 USC 1983 (Habeas/Lawsuits);
Bounds v. Smith, 430 US 817, 824-828 (1977) and Lewis v. Casey, 518 US 343,
349-350 (1996).

In the course of litigation; the parties are mandated to service copies ("xerox") to plaintiffs, petitioners, defendants and respondents in a case; and even the court provides xerox-copies via adjudication of claims by servicing the litigants in the case. The federal courts ("Rules") authorizes the parties to provide xerox-copies within the case, see U.S. Supreme Court; U.S. Court of Appeals; and U.S. District Court authority, cf, Sup.Ct.R. 25(1); Fed.R.App.Proc. 31(b); Fed.R.Civ.Proc. 5-10; East.Dist.Loc.R. 133.

The Prison ("Rules") itself acknowledges that Inmates must provide copies to the parties within civil/criminal cases:

> "(b) Legal duplication services may be provided to in-mates for the purposes of initiating or maintaing a court action. The printed forms required by state and federal courts shall be made available to inmates...
> (d) Subject to the length requirements of subsection 3123(c), an indigent inmate who does not have attorney representation may receive duplication services without charge for the following legal documents to a court:...
> (5) Documents in support of a civil action, as authorized by the court or as required by statute or court rule...
> (10) Additional documents that are necessary to advance litigation...."
> *(Title#15) Calif. Code of Regulation, #3162(b)(d)(5)(10)

Plaintiff unfetterly was allowed upon the Initial-Complaint and subsequent On-Going Other-Papers/Motions was permitted to received ("xerox") copies to advance civil/criminal litigations in federal court cases, Cunningham v. UCSF Spine Ctr., et al., #CV-13-1978-EMC (N.D.Cal,2013); Cunningham v. Medtronics Inc., et al., #CV-14-4814-EMC (N.D.Cal,2014) and Ashanti v. Obama/Calif. Health Care Fac#, et al., #CIV-S-14-1644-KJN (E.D.Cal,2014).

The defendants although not officially serviced in case per Fed.R.Civ.Proc. 4(a)-(m); plaintiff is under current legal law & rule to service ("xerox") copies upon the court and for conform filed copies to be provided to plaintiff in case. Both Federal/State law mandate "xerox" mail-service to case parties; see 28 USC 1746; Cal.Code Civ. Proc. 1013-1013a; Mullane v. Central Hanover Trust Co., 339 US 306, 314 (1950); Wiren v. Eide, 542 F2d 757, 762 (CA9,1976).

-4-

(c) Federal Publication (Opinion/Public Interest):

The Federal Courts have the authority to issue ("PUBLICATIONS") via the authority of Fed.R.Civ.Proc. 72, 73, 77 & 83, cf; U.S. Sup.Ct.R. 41 (Opinions & Publications of Court); Fed.R.App.Proc. 36(a)(b); Cir.Rule 36-1 to 36-6 (Opinions & Publication Request); see U.S. v. Guiterez-Cervantes, 132 F3d 460, 461 (9th Cir,1997) and Lunsford v. Jumao-As, 139 F3d 1233, 1233 (9th Cir,1998), amended, 155 F3d 1178 (9th Cir,1999).

The (CHCF) California Health Care Facility Library Staff (Ms. Kaur/Librarian) and (Ms. Koubong/Library Technical Assistant) in either late October/2014 or early November/2014 via computer internet per their statements downloaded the California Judicial Council (Vexatious Litigant Prefiling Orders) document located at the Administrative Office of the Courts., 455 Golden Gate Avenue., San Francisco, California 94102-3688 which contains plaintiffs name (ASHANTI) or (AKA: CUNNINGHAM) on list. The Library Staff per their erroneous interpretation of the state court/statute Code Civ. Proc. 391.7, supra., is of the opinion that plaintiff must obtain Federal Judge/Court approval to file Initial-Complaints and Subsequent-Motions and once done; then the state prison library will "xerox" plaintiff copies of pleadings for the court and respondent parties in case.

The State prison (library) is violating plaintiffs federal civil rights to Access Courts by being denied "xerox" services to provide copies to the Court; Plaintiff conformed filed return copies and Respondent Parties.

### CONCLUSION

The Court is moved to grant ("PUBLICATION") of Xerox-Service ("caselaw") to facilitate/expedite duplication-copies for Court & Case-Parties; and to clarify law/rule that state code C.C.P. 391.7 (Vexatious Litigant List/Pre-Filing Order) does not effect Federal Court Initial-Filings and Subsequent Motion xerox-copy!

-5-

The C.C.P. 391.7 (Vexatious Litigant List) is a State (Judicial Branch) document solely for the purpose and objective of State Judges & State Clerks regarding Pre-Filing Orders of (i.e. Initial-Complaint Civil-Actions) in that a State Judge must screen/approve state civil actions prior to a State Clerk of the Court filing a litigants civil-case.

The State (Executive Branch) and (Legislative Branch) is not effected directly effected nor have a role to make executive & legislative decisions on a daily basis regarding the C.C.P. 391.7 (Vexatious Litigant List) and this is all the more reason why the (CCP 391.7) is in direct possession of the State (Judicial Branch) California Judicial Council/Administrative Offices of the Court. The Executive Branch's Office of Governor nor the Legislative Branch's Senators & Assemblyman of the State of California do not possess let alone make *any day-to-day decisions or operations regarding the (CCP 391.7) Vexatious Litigant List as Executive & Legislative Constitutional Officers.

As noted, the California State Judicial Constitutional Officers (i.e. Judges) make day-to-day decisions within the purview of the Judicial Branch within the State's: (i) State County Superior Court; (ii) State Court of Appeals (District #1 -thru- #6); (iii) State Supreme Court regarding which state litigants have the approval of State Judges to file Initial Civil-Complaints within the State Courts on (i.e. Civil-Matters).

In addendum, (CCP 391.7) does not apply to State (i.e. Criminal-Matters); this Plaintiff/Petitioner/Appellant recently filed a State criminal Appeal and Habeas Writ on the recent (Prop#36) 3-Strike Resentencing P.C. 1170.126 cases absent Pre-Filing Order review via cases, People v. Ashanti, #S-221585/#S-221609 (California Supreme Court,2014). CCP 391.7 does not effect Federal Court cases!

I DECLARE UNDER PENALTY OF PERJURY AND THE LAWS OF THE (USA) THE FOREGOING IS TRUE. THIS ACTION WAS EXECUTED ON 11/24/2014 AT STOCKTON, CALIFORNIA.

LORENZO R. CUNNINGHAM
(AKA: ASKIA S. ASHANTI)

| | |
|---|---|
| CUNNINGHAM | ) |
| V. | ) |
| MEDTRONICS INC., et al., | ) |

D E C L A R A T I O N
A F F I D A V I T
#CV-14-4814-EMC (N.D.Cal,2014)

(1) I declare (LORENZO R. CUNNINGHAM., AKA: ASKIA S. ASHATI) am the Declarant or Affiant herein and reside at the CHCF/California Health Care Facility in Stockton, California under current judgement People v. Ashanti., #BA-118005 (LA.Co.Sup.Ct.1995) for Vehicle Code 10851 (Driving Without Owner Consent/Joyriding) a 3-Strikes/25-to-Life offense.

(2) I declare that in (2006) Declarant was placed on State Vexatious Litigant List per Code Civ. Proc. 391.7 via case, Ashanti v. Schwarzenegger, #05AS-04843 (Sacramento Co.Sup.Ct.2006) in which State Court dismissed Plaintiffs case as frivioulous for Non-Jewish Inmates (Muslims) to be placed on the Kosher Diet and to establish Halal Diet in all state prisons. I declare a 1-year later in (2007) Plaintiff filed a 42 USC 1983 federal lawsuit seek-similar kosher/halal diet relief via case, Ashanti v. Tilton (CDC-Secretary) #CIV-S-07-0807-MCE/GGH (E.D.Cal,2007) and 3-year later in (2010) the de-fendants settled civil-rights case and payed Court Appointed Counsel $5000 and placed Plaintiff on Kosher-Jewish Diet andestablished the Muslim Halal Diet in all 35 State Prisons as a meritorious federal lawsuit case.

(3) I declare from (2006-2014) the (CDCR) California state prisons (i.e. Sola-no State Prison; Jamestown SCC State Prison; CMF/Calif. Medical Facility-Vacaville Prison & CHCF/Calif. Health Care Facility-Stockton Prison) has never hampered/prevented Declarant from Accessing Court via xerox-copies services for the Court & Respondent Party supply-copies until October/2014 when (CHCF) Ms.Kaur/Librarian and Ms.Koubong/Library Tebcnical Assistant obtained the C.C.P. 391.7 (Vexatious Litigant List) and restricted xerox-copies erroneously claiming Declarant requires Court-Order for xerox-copies.

-7-

(*) DECLARATION (CONT'T):

(4) I declare that Declarant/Affiant (i.e. Plaintiff/Petitioner) have a
constitutional, statutory and decisional law right to Access the Courts
via Prison Library(s) to be provided ("XEROX-COPIES") of Court Pleadings
for service to the Court, Respondent-Parties/Defendant-Parties, and for
filed conform copies for Plaintiff/Petitioner (Litigant) records pursuant
to U.S. Const., Amendments 1 & 14; 28 USC 2241, 2244/2254; 42 USC 1983;
Bounds v. Smith, 430 US 817, 824-828 (1977); Lewis v. Casey, 518 US 343,
349-355 (1996).


(5) I declare that state statutory law Calif. Code Civ. Proc. 391.7, et seq.,
(Vexatious Litigant List) provided by the California Judicial Council
for the Administrative Offices of the Court is a State (Judicial Branch)
document for the sole purposes of State Judges to adjudicate Pre-Filing
Orders for Initial Civil-Suit pleadings granting State Court Clerks the
authority to file State Litigant Initial Civil Filings and the (CCP 391.7)
code-law does not provide authority for any State (Executive & Legislative
Branch) Constitutional & Statutory Officers/Agents to implement the (List)
in any day-to-day operations in the performance of Executive/Legislative
job assignments; nor does the Library-Staff employed via the State Execu-
tive Law Enforcement Agency (CDCR) California Department of Corrections &
Rehabilitation have any (CCP 391.7) authority/power to use the (List) in
the course of their Library job assignments.

(6) I declare State Prison Regulations (Title#15) Code of Reg. #3162(b)(d)(5)
(9)(10) mandates Libraries to provide xerox-copy for Service to Court Par-
ties of Initial-Pleadings, Motions and Other-Papers (Advance Litigation).

I DECLARE UNDER PENALTY OF PERJURY AND THE LAWS OF THE (USA) THE FOREGOING IS
TRUE. THIS DECLARATION WAS EXECUTED ON 11/24/2014 AT STOCKTON, CALIFORNIA.

LORENZO R. CUNNINGHAM
(AKA: ASKIA S. ASHANTI)

-8-

S   E   R   V·   I   C   E

CUNNINGHAM                     #CV-14-4814-EMC

             V.                *PROOF OF SERVICE

MEDTRONICS INC.,

_____/


I declare that I am over the age of (18) and am a party to this cause of

action. I declare that I serviced the below parties with this documents:

(RE: REQUEST PUBLICATION) by depositing copy of document in the US MAIL sys-

tem at California Health Care Facility in Stockton, California:



Clerk of the Court                   Medtronics Inc.,
Federal District Court               710 Medtronic Parkway
450 Golden Gate Avenue               Minneapolis, Minnesota 55432
San Francisco, CA 94102


                                     Shane Burch, MD.,
                                     UCSF Spine Center
                                     400 Parnassus Avenue, #3rd Floor
                                     San Francisco, California 94143



I DECLARE UNDER PENALTY OF PERJURY AND THE LAWS OF THE (USA) THAT THE FOREGOING
IS TRUE. THIS SERVICE WAS EXECUTED ON 11/24/2014 AT STOCKTON, CALIFORNIA.


                                     _____
                                     LORENZO R. CUNNINGHAM
                                         (AKA: ASKIA S. ASHANTI)