UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO R. CUNNINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC INC., et al.,<br><br>Defendants. | Case No.  14-cv-04814-HSG (PR)<br><br>**ORDER OF SERVICE; ADDRESSING PENDING MOTIONS**<br><br>Re: Dkt. Nos. 4, 5, 13, 15, 17 |

Plaintiff, an inmate at the California Health Care Facility, filed this pro se civil rights action under 42 U.S.C. § 1983.  His complaint is now before the Court for review under 28 U.S.C. § 1915A.[1]

**DISUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

---

[1] Plaintiff previously filed a complaint in this Court alleging substantially similar claims.  See Cunningham v. UCSF Spine Center, C 13-1978 EMC (PR).  On October 8, 2013, the Court dismissed the complaint with leave to amend.  Rather than amend, plaintiff opted to voluntarily dismiss that action and amend his claims by way of filing a new complaint in the instant action.

the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.** **Plaintiff's Claims**

The Court finds plaintiff has alleged the following cognizable claims: (1) deliberate indifference to serious medical needs against defendant Medical Doctor Shane Burch; (2) a supplemental state law negligence claim against defendant Burch; and (3) supplemental state law product liability claims against defendant Medtronic, Inc.

The Court notes that although plaintiff identifies UCSF Spine Center as a defendant in the caption of his complaint, UCSF Spine Center is not listed in the "Defendants" section of the complaint or in the proof of service. See Complaint at 6, 25.[2] In any event, the complaint does not allege any cognizable claims against UCSF Spine Center. Accordingly, the Clerk will be directed to remove this defendant from the docket in this action.

**C.** **Motion for Appointment of Counsel and Expert**

Plaintiff has filed a motion to appoint counsel as well as an expert witness. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, the record does not reflect exceptional circumstances requiring the appointment of counsel. The request for appointment of counsel is therefore DENIED.

Regarding plaintiff's request for an expert, a witness qualified as an expert may testify "[if] scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Under Rule 706, the Court may appoint an expert witness on its own motion or on a party's motion. Fed. R. Evid. 706(a). At this

---

[2] Page number citations refer to those assigned by the Court's electronic case filing system and not those assigned by plaintiff.

1 point in the proceedings, the Court finds it is premature to decide whether appointment of an
2 expert is warranted. Specifically, until the Court has had the opportunity to review the arguments
3 and evidence submitted by the parties on summary judgment, it cannot determine whether the
4 issues are so complex as to require the testimony of an expert to assist the trier of fact.
5 Accordingly, plaintiff's motion for appointment of a medical expert is DENIED as premature.

### D. Plaintiff's Motions to Proceed In Forma Pauperis

Plaintiff has filed two motions to proceed in forma pauperis (IFP). The Court notes that plaintiff was previously ordered to show cause why pauper status should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g) due to his litigation history. Plaintiff subsequently paid the $400 filing fee. Accordingly, plaintiff's motions to proceed IFP are DENIED as moot.

### E. Service

Plaintiff has filed three motions for the Court to direct the United States Marshal to serve defendants. As plaintiff is not proceeding IFP in this action, he may not rely on the United States Marshal or officers of the Court for service. Cf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Plaintiff is responsible for service of all of the named defendants. No defendant has made an appearance in this action. Although plaintiff filed a proof of service of the complaint, there is no indication that defendants have been served with summons. Accordingly, plaintiff's motions for service on defendants are DENIED. Within **56 days** of this Order, plaintiff shall provide the Court with proof of service of the summons and complaint on all defendants or show good cause why the underserved defendants should not be dismissed. See Fed. R. Civ. P. 4(l), 4(m).

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for appointment of counsel and an expert (dkt. no. 5) is DENIED. Plaintiff's motions to proceed IFP (dkt. nos. 4, 5) are DENIED. Plaintiff's motions for service on defendants (dkt. nos. 13, 15, 17) are DENIED.

2. As plaintiff is not proceeding in forma pauperis, he must effectuate service himself. The Clerk shall issue a summons to plaintiff for Medical Doctor Shane Burch and Medtronic, Inc.,

3

1 and send plaintiff two copies of the complaint with attachments and three copies of this Order.
2 Plaintiff shall serve the summons, a copy of the complaint with attachments and a copy of this
3 Order on defendants Burch and Medtronic, Inc., within **56 days** of this Order. Plaintiff is also
4 directed to file proofs of service of the summons and complaint on defendants within **56 days** of
5 this Order, or show good cause for the failure. **Failure to comply will result in the dismissal of**
6 **any unserved defendants.**

7 The Clerk shall also mail a courtesy copy of the complaint and this Order to the California
8 Attorney General's Office.

9     3.    In order to expedite the resolution of this case, the Court orders as follows:

10     a.    No later than **91 days** from the date of service, defendants must file and
11 serve a motion for summary judgment or other dispositive motion. A motion for summary
12 judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and
13 adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684
14 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th
15 Cir. 1998), must be served concurrently with motion for summary judgment).[3]

16 If defendants are of the opinion that this case cannot be resolved by summary judgment,
17 defendants must so inform the Court prior to the date the motion is due.

18     b.    Plaintiff's opposition to the summary judgment or other dispositive motion
19 must be filed with the Court and served upon defendants no later than **28 days** from the date the
20 motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment
21 provided later in this order as he prepares his opposition to any motion for summary judgment.

22     c.    Defendants **shall** file a reply brief no later than **14 days** after the date the

---

[3] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's recent opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified Wyatt notice in light of Albino. See Wyatt v. Terhune, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in current Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The Rand notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. Woods, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files if the party fails to send a copy to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the

5

1 Court informed of any change of address and must comply with the Court's orders in a timely
2 fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
3 to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every
4 pending case every time he is moved to a new facility.

     8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

     9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

     10. The Clerk shall terminate defendant UCSF Spine Center from the docket in this action.

This Order terminates Docket Nos. 4, 5, 13, 15, and 17.

**IT IS SO ORDERED**.

Dated: 3/2/2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge