UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO R. CUNNINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC INC., et al.,<br><br>Defendants. | Case No. 14-cv-04814-HSG (PR)<br><br>**ORDER TO SHOW CAUSE WHY UNSERVED DEFENDANT SHOULD NOT BE DISMISSED** |

Plaintiff, an inmate at the California Healthcare Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983. He has paid the full filing fee. On March 2, 2015, the Court screened the complaint and found that plaintiff had stated the following cognizable claims: (1) deliberate indifference to serious medical needs against defendant UCSF Medical Doctor Shane Burch; (2) a supplemental state law negligence claim against defendant Burch; and (3) supplemental state law product liability claims against defendant Medtronic, Inc. *See* Dkt. No. 18.

In the same order, the Court advised plaintiff that, because he is not proceeding *in forma pauperis*, he may not rely on the United States Marshal or officers of the Court for service. Plaintiff was issued a summons and copies of the complaint so that he could effectuate service himself. Plaintiff was directed to provide proof of service of the summons and complaint within 56 days and was cautioned that failure to comply would result in the dismissal of any unserved defendants.

On April 7, 2015, plaintiff filed proofs of service indicating that he served defendants with the summons and complaint on March 17, 2015. Dkt. No. 21. The proofs of service are signed by plaintiff personally. *See id.* at 13-14. On April 10, 2015, plaintiff filed a "supplemental proof of service" indicating defendants were served with the summons and complaint again on March 31,

2015. Dkt. No. 23. The attached proofs of service are signed by a non-party prisoner by the name of Elze Block. *See id.* at 4-5. Defendant Medtronic, Inc. has appeared and has filed an answer to the complaint. *See* Dkt. No. 25. Defendant Burch has not appeared or responded.

After reviewing the proofs of service, it appears that defendant Burch was not properly served pursuant to Federal Rule of Civil Procedure 4(e). Rule 4(e) governs service on individual defendants and provides, in pertinent part: "an individual . . . may be served in a judicial district of the United States by . . . doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4(e)(2). "Defendants must be served in accordance with [Rule 4], or there is no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citation omitted). "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Id.* (internal citations omitted).

Rule 4(e) also provides for service in accordance with state law, *see* Fed. R. Civ. P. 4(e)(1). In California, this includes physical delivery to the defendant or defendant's agent (*see* Cal. Code Civ. Pro. § 415.10); substitute service to someone else at the defendant's residence or place of business (*see* Cal. Code Civ. Pro. §§ 415.20); and service by mail coupled with acknowledgement of receipt (*see* Cal. Civ. Pro. § 415.30).

According to the proofs of service submitted by plaintiff, the summons and complaint were mailed to defendant Burch via the United States Postal Service. It thus appears that plaintiff attempted service in accord with Section 415.30 of the California Code of Civil Procedure. However, he has not provided acknowledgement of receipt by defendant Burch as required by Section 415.30, and defendant Burch has not appeared in this action.

The Court recognizes that plaintiff is proceeding *pro se*. Plaintiff's status as *pro se* litigant, however, does not excuse him from compliance with the Federal Rules of Civil Procedure. *See, e.g.*, *McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting the Supreme Court has "never

2

suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Plaintiff has the burden of establishing that he accomplished service of process in compliance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(l)(1). If a defendant has not been served within 120 days after the complaint is filed, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Because defendant Burch has not been served within the time ordered by the Court, *see* Fed. R. Civ. P. 4(m), plaintiff is ordered to show cause within **20 days** of the filing date of this order why defendant Burch should not be dismissed without prejudice. Failure to demonstrate good cause within 20 days of the filing date of this order will result in the dismissal of defendant Burch from this action without prejudice.

The briefing schedule set forth in the Court's March 2, 2015 order is VACATED. The Court will issue a new briefing schedule for dispositive motions when all service issues have been resolved.

**IT IS SO ORDERED.**

Dated: 6/15/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge