UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO R. CUNNINGHAM,<br><br>     Plaintiff,<br><br>     v.<br><br>MEDTRONIC, INC., et al.,<br><br>     Defendants. | Case No. 14-cv-04814-HSG (PR)<br><br>**ORDER ADDRESSING PENDING MOTIONS**<br><br>Re: Dkt. Nos. 28, 30, 31, 35, 36 |

## INTRODUCTION

This is a *pro se* prisoner's civil rights action in which the plaintiff has paid the filing fee. In an order filed March 2, 2015, the Court screened the complaint (Dkt. No. 1), and determined that it stated the following cognizable claims: (1) deliberate indifference to serious medical needs against defendant UCSF Medical Doctor Shane Burch; (2) a supplemental state law negligence claim against defendant Burch; and (3) supplemental state law product liability claims against defendant Medtronic, Inc ("Medtronic"). *See* Dkt. No. 18. Medtronic has appeared and has filed an answer to the complaint. *See* Dkt. No. 25. Defendant Burch has not appeared or responded. This matter is now before the Court for consideration of several miscellaneous filings from plaintiff.

## DISCUSSION

Plaintiff has requested the Court to tend to service of process on defendant Burch. Dkt. No. 27. As explained in prior orders, prisoners who pay the filing fee generally serve their own complaints. However, upon a showing of good cause, the Court may order the United States Marshal to serve process in a case where the plaintiff is not proceeding as a pauper. *See* N.D. Cal. Local Rule 4-1. The Marshal may require a deposit against the fee to be charged for such service.

*See* 28 U.S.C. § 1921(d). The deposit is $75.00 for a defendant to be personally served at UCSF, according to a Marshal's representative. Here, plaintiff has established that he has made several attempts, from prison, to serve defendant Burch but continues to experience difficulty. Accordingly, good cause appearing, and in order to expedite service, plaintiff's requests that the Marshal serve his complaint will be granted.

Plaintiff has filed three requests for entry of default judgment against defendant Burch. Dkt. Nos. 30, 31, and 36. Plaintiff argues that defendant Burch is intentionally evading service. As explained in prior orders, although plaintiff has made several attempts to serve defendant Burch, plaintiff has not established that he used one of the methods of service required by Federal Rule of Civil Procedure 4(e). Because it appears that defendant Burch has not been properly served, the requests for entry of default will be denied.

Plaintiff has filed a request for appointment of counsel as well as appointment of an expert witness. Dkt. No. 28. This is plaintiff's second such request. For the reasons given in the Court's March 2, 2015 order, plaintiff's renewed request will be denied.

On July 9, 2015, plaintiff filed objections to Medtronic's proposed protective order as a well as a motion to compel discovery from Medtronic. Dkt. No. 28. Plaintiff later withdrew this filing. *See* Dkt. Nos. 34, 35. Accordingly, plaintiff's discovery requests will be denied as moot.

Finally, plaintiff seeks relief from having to serve his filings on both attorneys of record for Medtronic. Dkt. No. 35. Good cause appearing, the request will be granted pursuant to the instructions below.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's request for service of process on defendant Burch is GRANTED. The Clerk of the Court shall send plaintiff a USM-285 form, one summons, and one copy of the complaint with attachments, filed October 30, 2014. Within 30 days from the date of this order, plaintiff shall submit to the Court the completed USM-285 form and completed summons, with the complaint attached, as well as payment in the amount of $75.00 made out to "USMS" for payment of personal service on defendant Burch. On the check, plaintiff should write: "deposit

for attempting service, case no. 14-4814." Upon receipt of payment and the above-described documents, the Court will direct the United States Marshal to serve defendant Burch.

2. Plaintiff's requests for entry of default against defendant Burch are DENIED.

3. Plaintiff's renewed request for appointment of counsel and an expert witness is DENIED.

4. Plaintiff's discovery requests are DENIED as moot.

5. Plaintiff's request for relief from service requirements on counsel of record for Medtronic is GRANTED. The Court will not require plaintiff to himself serve defendants with copies of his filings. Rather, plaintiff may file his papers with the Court, and the Clerk will scan such filings into the Court's electronic filing system ("ECF"), from which defendants may obtain the filings.

This order terminates Docket Nos. 28, 30, 31, 35, and 36.

**IT IS SO ORDERED.**

Dated: September 21, 2015

/s/ Haywood S. Gilliam, Jr.
HAYWOOD S. GILLIAM, JR.
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO R. CUNNINGHAM,<br><br>        Plaintiff,<br><br>    v.<br><br>MEDTRONIC INC., et al.,<br><br>        Defendants. | Case No.  14-cv-04814-HSG<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 21, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lorenzo R. Cunningham ID: D-98935
California Health Care Facility
P.O. Box 32050
Stockton, CA 95213

Dated: September 21, 2015

Susan Y. Soong
Clerk, United States District Court

By:_____
Nikki D. Riley, Deputy Clerk to the
Honorable HAYWOOD S. GILLIAM, JR.