UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO R. CUNNINGHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDTRONIC INC., et al.,<br><br>    Defendants. | Case No. 14-cv-04814-HSG (PR)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL COMPLAINT; DENYING DEFENDANT BURCH'S MOTION TO DISMISS; DENYING AS MOOT PLAINTIFF'S MOTION FOR SERVICE**<br><br>Re: Dkt. Nos. 40, 48, 51 |

## INTRODUCTION

Plaintiff, a California state prisoner incarcerated at the California Healthcare Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging constitutional and state tort violations arising out of a 2012 surgery during which he had rods installed in his back. The surgery was performed by defendant UCSF Medical Doctor Shane Burch ("Burch"), and the rods were manufactured by a company acquired by defendant Medtronic, Inc ("Medtronic"). In an order filed March 2, 2015, the Court screened the complaint (Dkt. No. 1), and determined that it stated the following cognizable claims: (1) deliberate indifference to serious medical needs against defendant Burch; (2) a supplemental state law negligence claim against defendant Burch; and (3) supplemental state law product liability claims against defendant Medtronic. *See* Dkt. No. 18. Now before the Court are: (1) plaintiff's motion to file a supplemental complaint; (2) defendant Burch's motion to dismiss; and (3) plaintiff's motion for service.

## DISCUSSION

**1.    Plaintiff's Motion to File a Supplemental Complaint**

Plaintiff has filed a motion to file a supplemental complaint pursuant Federal Rule of Civil Procedure 15(d). Dkt. No. 40. The Court first decides whether plaintiff's motion is more appropriately considered a Rule 15(d) motion for leave to file a supplemental pleading or a Rule 15(a) motion for leave to amend. Amended pleadings under Rule 15(a) "relate to matters that

occurred prior to the filing of the original pleading, and entirely replace the earlier pleading." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1504 (3d. ed. 1998). In contrast, supplemental pleadings under Rule 15(d) "deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." *Id.* Rule 15(d) enables plaintiffs to "introduce[] a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (internal quotation and citation omitted).

Along with his motion, plaintiff has filed a list of his proposed supplemental claims. Dkt. No. 40-1. A review of these claims shows that the facts underlying them occurred prior to the filing of the original complaint.[1] Consequently, plaintiff's request will be construed as a motion for leave to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

Civil Local Rule 10-1 provides that any party moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference. Plaintiff has not included with his motion a proposed amended complaint. Parties may not file piecemeal complaints or amendments that contain portions of claims and defendants. Therefore, plaintiff's motion is DENIED for this reason. However, denial is without prejudice to filing another motion submitted with a proposed amended complaint. Plaintiff is cautioned that, because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

**2.    Defendant Burch's Motion to Dismiss**

Defendant Burch has filed a motion to dismiss the original complaint. Dkt. No. 51.

---

[1] The only possible exception is plaintiff's proposed supplemental claims that defendants failed to preserve evidence. *See* Dkt. No. 40-1 at 8-9. Even assuming these claims relate to matters that arose after the filing of the original complaint, they do not state a claim for relief. California does not recognize a spoliation tort cause of action "against a person who has intentionally destroyed or suppressed evidence relevant to a lawsuit." *Warden v. Cross*, 94 Fed. Appx. 474, 475 (9th Cir. 2004) (applying California law); *see also Temple Cmty. Hosp. v. Superior Ct.*, 20 Cal. 4th 464, 473 (1999) (holding that a tort remedy for spoliation of evidence would produce an "endless spiral of lawsuits over litigation-related misconduct"). The Court therefore need not decide whether plaintiff should be able to supplement his original complaint with these claims.

Therein, he argues that the original complaint does not state a claim pursuant to 42 U.S.C. § 1983 and that this Court therefore lacks subject matter jurisdiction. The motion is DENIED because the Court has already determined that plaintiff's allegations, when liberally construed, do state federal claims for relief. Defendant's arguments are better raised in a motion for summary judgment.

**3.  Plaintiff's Motion for Service**

Plaintiff has filed a motion asking the Court to serve defendant Burch. Dkt. No. 48. The motion is DENIED as moot, as defendant Burch has been served and has now appeared through counsel.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff's motion to file a supplemental complaint, construed as a motion for leave to amend, is DENIED without prejudice.

2.  Defendant Burch's motion to dismiss is DENIED.

3.  Plaintiff's motion for service is DENIED as moot.

4.  If plaintiff intends to file a renewed motion for leave to amend pursuant to Rule 15(a), he must do so within **twenty-eight (28)** days from the date this order is filed. The motion must include a proposed amended complaint with the caption and civil case number used in this order *Lorenzo R. Cunningham v. Medtronic, Inc. et al.*, C 14-4814 HSG (PR) and the words [PROPOSED] AMENDED COMPLAINT. If plaintiff does not wish to file an amended complaint, he shall so inform the Court within **twenty-eight (28)** days from the date of this order, and the Court will thereafter set a briefing schedule for dispositive motions.

This order terminates Docket Nos. 40, 48, and 51.

**IT IS SO ORDERED.**

Dated: 12/8/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge