UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO R. CUNNINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC INC., et al.,<br><br>Defendants. | Case No. 14-cv-04814-HSG (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a California state prisoner incarcerated at the California Healthcare Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging constitutional and state tort violations arising out of a 2012 surgery during which he had rods installed in his back. The surgery was performed by defendant UCSF Medical Doctor Shane Burch ("Burch"), and the rods were manufactured by a company acquired by defendant Medtronic, Inc ("Medtronic"). In an order filed March 2, 2015, the Court screened the complaint (Dkt. No. 1), and determined that it stated the following cognizable claims: (1) deliberate indifference to serious medical needs against defendant Burch; (2) a supplemental state law negligence claim against defendant Burch; and (3) supplemental state law product liability claims against defendant Medtronic. *See* Dkt. No. 18.

Plaintiff now moves to voluntarily dismiss the claims against defendant Burch. *See* Dkt. No. 66. Plaintiff represents that defendant Burch recently performed surgery to remove the defective rods from plaintiff's back and that plaintiff maintains a physician-patient relationship with defendant Burch. Both defendants have filed statements of non-opposition to the dismissal of defendant Burch. *See* Dkt. Nos. 67, 68.

Accordingly, good cause appearing, plaintiff's motion to voluntarily dismiss defendant Burch is GRANTED. Said defendant is dismissed without prejudice, and the Clerk shall terminate defendant Burch from the docket in this action.

The remaining defendant, Medtronic, cannot be sued under Section 1983 because it is a private, not a state, actor. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Any claims plaintiff has against Medtronic are state law claims against a private actor, here on the basis of supplemental jurisdiction. Because the Court has dismissed all the claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3). Accordingly, the action is hereby DISMISSED without prejudice to plaintiff pursuing his claims against Medtronic in state court.[1]

The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: 3/2/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court notes that, prior to voluntarily dismissing defendant Burch, Plaintiff filed a motion for leave to file an amended complaint, which remains pending. This does not change the Court's analysis. The Court has reviewed the proposed amended complaint, *see* Dkt. no 59, and finds the only federal claims therein are claims asserted against defendant Burch.

2