United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO R. CUNNINGHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDTRONIC INC., et al.,<br><br>    Defendants. | Case No. 14-cv-04814-HSG (PR)<br><br>**ORDER REOPENING ACTION AND REFERRING TO MAGISTRATE JUDGE VADAS FOR SETTLEMENT PROCEEDINGS**<br><br>Re: Dkt. Nos. 71, 76, 77 |

Plaintiff, a California state prisoner incarcerated at the California Healthcare Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging constitutional and state tort violations arising out of a 2012 surgery during which he had rods installed in his back. The surgery was performed by defendant UCSF Medical Doctor Shane Burch ("Burch"), and the rods were manufactured by a company acquired by defendant Medtronic, Inc ("Medtronic"). In an order filed March 2, 2015, the Court screened the complaint (Dkt. No. 1), and determined that it stated the following cognizable claims: (1) deliberate indifference to serious medical needs against defendant Burch; (2) a supplemental state law negligence claim against defendant Burch; and (3) supplemental state law product liability claims against defendant Medtronic. *See* Dkt. No. 18.

On February 25, 2016, plaintiff moved to voluntarily dismiss Burch on the grounds that Burch had recently performed surgery to remove the defective rods from plaintiff's back and plaintiff maintained a physician-patient relationship with Burch. On March 2, 2016, the Court dismissed Burch without prejudice. The Court declined to exercise supplemental jurisdiction over the remaining state law claims against Medtronic and dismissed those claims without prejudice to plaintiff pursuing them in state court. The action was ordered closed.

On March 11, 2016, plaintiff filed a "request to strike/withdraw the filed 2/25/2016 motion to dismiss defendant (Dr. Shane Burch)." Dkt. No. 71. Plaintiff filed two similar requests on March 23, 2016. Dkt. Nos. 76. 77. The Court construes the requests as a motion to reopen the action, and in the interests of justice, GRANTS the motion.

1    Plaintiff has also filed a request for a settlement conference.  Dkt. Nos. 71, 76.  The Court
2 agrees that this action is suitable for early settlement proceedings before a magistrate judge and
3 GRANTS the request.

4    Accordingly, good cause appearing,

5    1. The Order of Dismissal and Judgment entered on March 2, 2016 (dkt. nos. 69, 70) are
6 VACATED.  The Clerk shall reopen this action.

7    2. The Court refers this action to Magistrate Judge Nandor Vadas pursuant to the Pro Se
8 Prisoner Mediation Program for settlement proceedings.  Such proceedings shall take place within
9 120 days of the date this order is filed, or as soon thereafter as Magistrate Judge Vadas's calendar
10 will permit.  Magistrate Judge Vadas shall coordinate a place, time, and date for one or more
11 settlement conferences with all interested parties and/or their representatives and, within fifteen
12 days of the conclusion of all settlement proceedings, shall file with the Court a report thereon.
13 Plaintiff must attend all conferences scheduled by Judge Vadas.  Failure to attend even one
14 conference may result in the dismissal of this action with prejudice pursuant to Federal Rule of
15 Civil Procedure 41(b) for failure to prosecute.

16    The Clerk shall forward a copy of this Order to Judge Vadas's chambers.  The case is
17 STAYED pending the settlement proceedings.

18    3. Plaintiff's pending motions are DENIED without prejudice to re-filing after the
19 conclusion of settlement proceedings if the action does not settle.

20    This Order terminates Docket Nos. 71, 76, and 77.

21    **IT IS SO ORDERED.**

22 Dated: 4/8/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge