UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO R. CUNNINGHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDTRONIC INC., et al.,<br><br>    Defendants. | Case No. 14-cv-04814-HSG (PR)<br><br>**ORDER REFERRING MATTER TO FEDERAL PRO BONO PROJECT AND STAYING PROCEEDINGS PENDING APPOINTMENT OF COUNSEL; ADDRESSING PENDING MOTIONS**<br><br>Re: Dkt. Nos. 97, 99, 101, 104, 105 |

       Plaintiff, a California state prisoner incarcerated at the California Healthcare Facility, filed this pro se action pursuant to 42 U.S.C. § 1983, alleging constitutional and state tort violations arising out of a 2012 surgery during which he had rods installed in his back. The surgery was performed by defendant UCSF Medical Doctor Shane Burch ("Burch"), and the rods were manufactured by a company acquired by defendant Medtronic, Inc ("Medtronic"). In an order filed March 2, 2015, the Court screened the complaint (dkt. no. 1), and determined that it stated the following cognizable claims: (1) deliberate indifference to serious medical needs against defendant Burch; (2) a supplemental state law negligence claim against defendant Burch; and (3) supplemental state law product liability claims against defendant Medtronic. *See* Dkt. No. 18.

       On April 8, 2016, the Court referred this case to Magistrate Judge Nandor Vadas for early settlement proceedings. On September 26, 2016 Judge Vadas reported that the case did not settle. On October 6, 2016, plaintiff filed a motion appearing to contain three requests. First, plaintiff

requests that the Court declare the Second Amended Complaint the "operative" complaint. Second, plaintiff requests sanctions against defendant Burch. Third, plaintiff requests that the Court appoint pro bono legal counsel and an expert witness. On November 3, 2016, defendant Medtronic filed its response to plaintiff's motion along with an ex parte notice of violations of the protective order, containing references to confidential settlement communications that plaintiff included in publicly filed documents.[1] Defendant Burch filed a separate response on November 17, 2016. On November 25, 2016, plaintiff filed a reply.[2]

Upon review of the record and the briefing, the Court has determined that the appointment of pro bono counsel would benefit the Court's review. Medtronic agrees that appointing counsel would help overcome challenges related to document production, depositions, and compliance with the protective order. *See* Dkt. No. 100 at 10.

Accordingly, good cause appearing, plaintiff's request for appointment of counsel is GRANTED, and plaintiff shall be referred to the Federal Pro Bono Project in the manner set forth below:

1. The Clerk shall forward to the Federal Pro Bono Project: (a) a copy of this order, (b) a copy of the docket sheet, (c) a copy of the complaint (dkt. no. 1); and (d) a copy of the Court's March 2, 2015 order (dkt. no. 18).

2. Upon an attorney being located to represent plaintiff, that attorney shall be appointed as counsel for plaintiff in this matter until further order of the Court.

3. All proceedings in this action are stayed until an attorney is appointed to represent plaintiff. Once such attorney is appointed, the Court will schedule a case management conference.

4. Plaintiff's remaining requests are DENIED without prejudice to re-filing through counsel, once counsel is appointed. Finally, the Court notes that there is no Second Amended

---

[1] Good cause appearing, and no opposition being filed thereto, Medtronic's administrative motions to file under seal its opposition and ex parte notice (dkt. nos. 99, 101) are GRANTED. The Clerk is directed to file under seal: (1) the portions of Medtronic's opposition to plaintiff's motion and report summary of the post-settlement conference presented for sealing by Medtronic, and (2) Medtronic's ex parte notice of violations of the protective order.

[2] Good cause appearing, plaintiff's motion for an extension of time to file his reply (dkt. no. 104), is GRANTED. Plaintiff's November 25, 2016 reply is deemed timely filed.

2

Complaint on file. If plaintiff seeks to amend his complaint, he may move for leave to amend through counsel, once counsel is appointed.

This order terminates Docket Nos. 97, 99, 101, 104, and 105.

**IT IS SO ORDERED.**

Dated: 11/29/2016

                        HAYWOOD S. GILLIAM, JR.
                        United States District Judge