UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO R. CUNNINGHAM,<br><br>        Plaintiff,<br><br>   v.<br><br>MEDTRONIC INC., et al.,<br><br>        Defendants. | Case No. 14-cv-04814-HSG (PR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; DENYING AS MOOT PLAINTIFF'S MOTION TO PRESERVE EVIDENCE; SCHEDULING SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 108, 111 |

**INTRODUCTION**

Plaintiff, a California state prisoner incarcerated at the California Healthcare Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging constitutional and state tort violations arising out of a 2012 surgery during which he had rods installed in his back. The surgery was performed by defendant UCSF Medical Doctor Shane Burch ("Burch"), and the rods were manufactured by a company acquired by defendant Medtronic, Inc ("Medtronic"). In an order filed March 2, 2015, the Court screened the complaint (dkt. no. 1), and determined that it stated the following cognizable claims: (1) deliberate indifference to serious medical needs against defendant Burch; (2) a supplemental state law negligence claim against defendant Burch; and (3) supplemental state law product liability claims against defendant Medtronic. *See* Dkt. No. 18.

On January 7, 2016, plaintiff filed a motion for leave to file an amended complaint. This motion was never addressed because, soon thereafter, plaintiff voluntarily dismissed the claims

1    against Burch.  On March 2, 2016, the Court declined to exercise supplemental jurisdiction over
2    the remaining state law claims and closed the case.
3         On April 8, 2016, the Court granted plaintiff's motion to reopen the action and referred the
4    parties to early settlement proceedings before Magistrate Judge Nandor Vadas.  After Judge Vadas
5    reported that the case did not settle, the Court, on November 29, 2016, stayed the action and
6    referred it to the Federal Pro Bono Project to find counsel to represent plaintiff pro bono.  After an
7    extensive search, the Federal Pro Bono Project informed the Court that it has been unable to locate
8    counsel willing to represent plaintiff at this juncture in the proceedings.  In light of these
9    circumstances, the Court will lift the stay, and plaintiff shall proceed *pro se*.  However, in order to
10   make the case more manageable for plaintiff, the Court will bifurcate summary judgment
11   proceedings pursuant to the schedule set forth below.
12        Now before the Court is: (1) plaintiff's motion for leave to file a second amended
13   complaint ("SAC") to add claims arising out of a 2016 back surgery performed by Dr. Burch,
14   during which new Medtronic rods were installed in plaintiff's back; and (2) plaintiff's motion to
15   preserve the rods removed from his back for potential future testing.

## DISCUSSION

**A.     Motion for Leave to File Second Amended Complaint**

18        Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's
19   pleading once as a matter of course within 21 days after serving it or, if the pleading is one to
20   which a responsive pleading is required, within 21 days after service of a responsive pleading.
21   Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written
22   consent of the adverse party.  Fed. R. Civ. P. 15(b).  Federal Rule of Civil Procedure 15(a) is to be
23   applied liberally in favor of amendments and, in general, leave shall be freely given when justice
24   so requires.  *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).  There is no
25   indication that plaintiff's motion is sought in bad faith, constitutes an exercise in futility, or creates
26   undue delay.  *See id.*  Nor is there any suggestion that allowing plaintiff to file his proposed SAC
27   would cause defendants any undue prejudice.  *See id.*  Accordingly, plaintiff's motion for leave to
28   file a second amended complaint is GRANTED.

The Court has screened the SAC as required by 28 U.S.C. § 1915A and finds that, liberally construed it states: (1) deliberate indifference to serious medical needs against defendant Burch; (2) supplemental state law claims for negligence, as against defendant Burch; and (3) supplemental state law claims for strict liability, negligence and failure to warn, as against defendant Medtronic, Inc.[1]

**B.     Motion to Preserve Evidence**

Plaintiff has filed a motion for a court order directing defendants to preserve the rods surgically removed from his back in 2012 and 2016. Defendants have filed separate responses informing the Court that: (1) the rods removed in 2012 are in Medtronic's custody and will be preserved, and (2) the rods removed in 2016 were discarded by UCSF. Accordingly, plaintiff's motion is DENIED as moot.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.     The Clerk is directed to lift the stay.

2.     Plaintiff's motion for leave to file a second amended complaint is GRANTED. The Clerk shall FILE plaintiff's proposed SAC (dkt. no. 111-1 – 111-2).

3.     Plaintiff's motion to preserve evidence is DENIED as moot.

4.     In order to assist plaintiff in proceeding *pro se* and in order to expedite the case, the Court will bifurcate summary judgment so that the claims against Dr. Burch are heard before the claims against Medtronic. Accordingly, the Court orders as follows:

    a.     No later than **91 days** from the date this Order is filed, defendant Bruch must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely and adequate notice of what

---

[1] Plaintiff attempts to state a separate claim against Dr. Burch for "failure to warn." Typically, "failure to warn" is a theory of liability against a product manufacturer, not medical personnel. However, plaintiff's "failure to warn" claim is subsumed in his negligence claim against Dr. Burch.

3

is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant Burch no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this Order as he prepares his opposition to any motion for summary judgment.

    c. Defendant Burch **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

  5. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

 (The *Rand* notice above does not excuse defendant's obligation to serve said notice again concurrently with his motion for summary judgment. *Woods*, 684 F.3d at 939).

  6. Any motion for an extension of time must be filed no later than the deadline sought

to be extended and must be accompanied by a showing of good cause.

7. The claims against defendant Medtronic are stayed pending resolution of defendant Burch's motion for summary judgment.

This Order terminates Docket Nos. 108 and 111.

**IT IS SO ORDERED.**

Dated: 2/21/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge