United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO R. CUNNINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC INC., et al.,<br><br>Defendants. | Case No. 14-cv-04814-HSG (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING; SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 127 |

On October 30, 2014, plaintiff, a California state prisoner incarcerated at the California Healthcare Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983. The action arises out of lumbar-thoracic spinal fusion surgeries performed on plaintiff in April of 2012 and September of 2012. On February 21, 2017, the Court screened plaintiff's second amended complaint ("SAC"), which sought to add claims arising out of a third lumbar-thoracic spinal fusion surgery performed in February of 2016. Plaintiff has named two defendants: (1) Dr. Burch, who performed the surgeries, and (2) Medtronic Inc. ("Medtronic"), which manufactured the spinal rods used in the 2012 surgeries and February 2016 surgery. The Court found that, liberally construed, the SAC states: (1) deliberate indifference to serious medical needs as against Dr. Burch; (2) supplemental state law claims for negligence as against Dr. Burch; and (3) supplemental state law claims for strict liability, negligence, and failure to warn as against Medtronic. The Court also bifurcated summary judgment proceedings and directed Dr. Burch to file a motion for summary judgment, while the claims against Medtronic were stayed. Now before the Court is plaintiff's motion for leave to supplement his complaint to add claims arising out of a neck surgery performed by Dr. Burch in December of 2016. Along with the motion, plaintiff has filed a proposed supplemental complaint. Dr. Burch has filed an opposition to the motion, and plaintiff has filed a reply.

**DISCUSSION**

**A.      Legal Standard**

Federal Rule of Civil Procedure 15(d) allows a party to supplement pleadings "upon reasonable notice and upon such terms as are just" for the purpose of alleging "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d); *Planned Parenthood of So. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).

Supplemental pleadings cannot be used to introduce a separate, distinct, and new cause of action. *See Neely*, 130 F.3d at 402. Matters newly alleged in a supplemental complaint must have some relation to the claim set forth in the original pleading. *See Keith*, 858 F.2d at 474. Assuming the matters alleged in the supplemental complaint have some relation to the claim(s) set forth in the original complaint, that the supplemental pleading "technically" states a new cause of action is a factor to be considered by the court in the exercise of its discretion, along with such factors as possible prejudice or laches. *Id.*

The standards for granting a motion for leave to file a supplemental pleading are the same as those for granting a motion to file an amended complaint under Rule 15(a). *See Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996). "[L]eave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). The court should also consider whether permitting the supplemental pleading will "serve to promote judicial efficiency." *Neely*, 130 F.3d at 402.

**B.      Analysis**

The Court first notes that plaintiff's proposed supplemental pleading alleges only state law causes of action against Dr. Burch arising out of the December 2016 neck surgery. Although plaintiff attempts to allege an Eighth Amendment claim for deliberate indifference to serious medical needs, the problem with the supplemental complaint concerns the mental state required for an Eighth Amendment claim. A defendant is deliberately indifferent if he knows that a

2

prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If the defendant should have been aware of the risk, but was not, then he has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). The supplemental complaint fails to allege facts sufficient to state a claim that Dr. Burch acted with deliberate indifference to plaintiff's serious medical needs.

Furthermore, it does not appear that allowing the supplemental complaint would significantly promote judicial efficiency. Although the new claims bear some relation to the original claims, they "technically" state a new cause of action. *See Keith*, 858 F.2d at 474. Specifically, Dr. Burch points out, and plaintiff does not dispute, that the December 2016 surgery: (1) was performed on a different part of plaintiff's spine than the 2012 surgeries and February 2016 surgery; and (2) did not involve the Medtronic rods placed in plaintiff's lower back during the 2012 surgeries and February 2016 surgery.

Finally, the instant case has already been pending for two-and-a-half years and the claims date back even further, specifically to April 2013, when plaintiff first attempted to file in this court claims arising from his April 2012 surgery. *See Cunningham v. UCSF Spine Center, et al.*, C 13-1978 EMC (PR). Defendants have already commenced plaintiff's deposition, with plans to complete it this month. *See* Dkt. No. 132. Granting leave to permit a supplemental pleading would require Dr. Burch to respond to a new set of claims, likely requiring additional discovery. The Court finds that the risk of undue delay and prejudice to the opposing party outweighs any gain in judicial efficiency. Indeed, plaintiff has already amended his complaint once to add claims arising from his February 2016 surgery. Permitting amendment every time plaintiff undergoes another surgery is untenable. Simply put, it is time for this case to move forward to a conclusion.

Accordingly, plaintiff's motion for leave to file a supplemental complaint will be denied. Plaintiff may attempt to pursue in state court the claims arising out of his December 2016 surgery.

3

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's motion for leave to file a supplemental pleading is DENIED.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **91 days** from the date this Order is filed, defendant Burch must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant Burch no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this Order as he prepares his opposition to any motion for summary judgment.

   c. Defendant Burch **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

3. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out

4

specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendant's obligation to serve said notice again concurrently with his motion for summary judgment. *Woods*, 684 F.3d at 939).

4. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

5. The claims against defendant Medtronic remain stayed pending resolution of defendant Burch's motion for summary judgment.

This Order terminates Docket No. 127.

**IT IS SO ORDERED.**

Dated: 5/25/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge