UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO R. CUNNINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC INC., et al.,<br><br>Defendants. | Case No. 14-cv-04814-HSG (PR)<br><br>**ORDER ADDRESSING PENDING MOTIONS**<br><br>Re: Dkt. Nos. 137, 138, 140 |

On October 30, 2014, plaintiff, a California state prisoner incarcerated at the California Healthcare Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983. The action arises out of lumbar-thoracic spinal fusion surgeries performed on plaintiff in April of 2012 and September of 2012. On February 21, 2017, the Court screened plaintiff's second amended complaint ("SAC"), which sought to add claims arising out of a third lumbar-thoracic spinal fusion surgery performed in February of 2016. Plaintiff has named two defendants: (1) Dr. Burch, who performed the surgeries, and (2) Medtronic Inc. ("Medtronic"), which manufactured the spinal rods used in the 2012 surgeries and February 2016 surgery. The Court found that, liberally construed, the SAC states: (1) a claim of deliberate indifference to serious medical needs as against Dr. Burch; (2) supplemental state law claims for negligence as against Dr. Burch; and (3) supplemental state law claims for strict liability, negligence, and failure to warn as against Medtronic. The Court also bifurcated summary judgment proceedings and directed Dr. Burch to file a motion for summary judgment, while the claims against Medtronic were stayed. Dr. Burch's motion for summary judgment is currently due by October 12, 2017. Now before the Court are the following motions, all brought by plaintiff: (1) motion for leave to serve Dr. Burch with additional interrogatories; (2)

motion for Court to order alternative dispute resolution; and (3) motion to compel discovery.[1] The Court addresses these requests in turn.

First, plaintiff seeks leave to serve interrogatories in excess of the twenty-five interrogatory limit set forth at Fed. R. Civ. P. 33(a)(1). Dr. Burch does not oppose the request but reserves the right to object to the additional interrogatories on all appropriate grounds. Accordingly, the motion is GRANTED.

Second, plaintiff requests that the Court order the parties to engage in alternative dispute resolution ("ADR") within this court's ADR program. The motion is DENIED as the parties have already engaged in a court-ordered settlement conference, which was unsuccessful in resolving the case. The parties are free to engage in settlement talks on their own.

Third, plaintiff moves to compel from Dr. Burch additional responses to discovery already propounded. Plaintiff fails to certify that he has fulfilled the meet and confer requirements under Rule 37(a)(1) of the Federal Rules of Civil Procedure and Civil Local Rule 37-1(a). Before filing a motion to compel, the moving party must first attempt to resolve the dispute informally with the opposing party. It is only when the parties are unable to resolve the dispute after making a good faith effort to do so that they should seek the Court's intervention. *See* Fed. R. Civ. P. 37(a)(3)(B); N.D. Cal. Local Rule 37-1(b).

Counsel for Dr. Burch states that he did receive a meet and confer letter from plaintiff, but it did not arrive until July 21, 2017, which was after plaintiff had already filed the instant motion to compel. Dkt 145-1 ¶ 9. On this record, the Court finds that there remains an opportunity for a meaningful meet-and-confer.

Because plaintiff is incarcerated, he is not required to meet and confer with Dr. Burch's counsel in person. Rather, he need only send a letter to counsel stating the specific discovery he seeks and the reasons that plaintiff believes he is entitled to such discovery. Unless and until plaintiff files the requisite certification demonstrating that he has conferred with counsel, making known his intention to file a motion to compel, the Court will not involve itself in the parties'

---

[1] Plaintiff also requested an extension of the summary judgment deadline but subsequently withdrew the request. *See* Dkt. no. 146 at 2.

2

discovery conduct.  Accordingly, the motion to compel is DENIED without prejudice as premature.

This Court's standing order requires a party to obtain leave of court before filing a discovery dispute and specifies that discovery disputes shall be prepared by joint letter brief not to exceed five pages.  Because plaintiff is detained, he will not be required to obtain leave of court before filing a future motion to compel.  Nor will the parties be required to prepare a joint letter brief.  However, plaintiff will be limited to one single motion to compel addressing all remaining discovery disputes and not to exceed fifteen (15) pages.  Plaintiff must therein certify that he has engaged in meet and confer.  Plaintiff must also clearly inform the Court which discovery requests are the subject of his motion to compel and for each disputed response, why defendant's objections are not justified or why the response provided is deficient.  If plaintiff files a renewed motion to compel, Dr. Burch shall file an opposition, not to exceed fifteen (15) pages, within twenty-eight (28) days after the date the motion is filed.  Plaintiff may file a reply brief, not to exceed five (5) pages, within fourteen (14) after the date the opposition is filed.

Finally, the Court notes that part of plaintiff's motions to compel is styled as a request for a "subpoena-order."  To the extent plaintiff requires a subpoena to obtain discovery from a third party, the request is GRANTED.  The Clerk shall send a blank subpoena to plaintiff for him to complete and return to the Court for issuance by the Clerk and thereafter to be returned to plaintiff for service.

This order terminates Docket Nos. 137, 138, and 140.

**IT IS SO ORDERED.**

Dated: 9/7/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge