UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO R. CUNNINGHAM, <br><br> Plaintiff, <br><br> v. <br><br> MEDTRONIC INC., et al., <br><br> Defendants. | Case No.14-cv-04814-HSG <br><br> **ORDER DISMISSING CLAIMS AS TO MEDTRONIC; GRANTING SUMMARY JUDGMENT AS TO FEDERAL CLAIM AGAINST BURCH; DISMISSING STATE-LAW CLAIMS AS TO BURCH** <br><br> Re: Dkt. Nos. 149, 165 |

Pending before the Court are two motions for summary judgment: one by Defendant Shane Burch ("Burch"), Dkt. No. 149, and the other by Medtronic Inc. ("Medtronic"), Dkt. No. 165. As to Medtronic, the Court **GRANTS** Plaintiff Lorenzo Cunningham's motion under Federal Rule of Civil Procedure 41 and **DISMISSES** those claims **WITH PREJUDICE**. As to Burch, the Court (1) **GRANTS** the motion for summary judgment as to Plaintiff's federal claim, and (2) declines to exercise supplemental jurisdiction over his remaining state-law claims and **DISMISSES** them **WITHOUT PREJUDICE**.

I.  **BACKGROUND**

Plaintiff, proceeding pro se, filed the operative Second Amended Complaint on February 21, 2017.[1] Dkt. No. 113 (Second Amended Complaint, or "SAC"). Burch answered the SAC on March 10, 2017, Dkt. No. 115, and Medtronic answered on March 13, 2017, Dkt. No. 116.

On October 11, 2017, Burch filed his motion for summary judgment. Dkt. No. 149. On November 29, 2017, Plaintiff's counsel entered his appearance. Dkt. No. 152. The Court subsequently lifted the stay as to Medtronic's claims and reset the briefing schedule. Dkt. No.

---

[1] He filed the initial Complaint on October 30, 2014. Dkt. No. 1.

157. On May 4, 2018, Medtronic filed its motion for summary judgment. Dkt. No. 165. On June 14, 2018, Plaintiff filed his opposition to Burch's motion, Dkt. No. 185, and a statement of non-opposition regarding Medtronic's motion, Dkt. No. 184. Medtronic replied on June 26, 2018, Dkt. No. 186, and Burch replied on June 27, 2018, Dkt. No. 187.

## II. MEDTRONIC'S MOTION FOR SUMMARY JUDGMENT

On August 8, 2018, in light of Plaintiff's statement of non-opposition to Medtronic's motion for summary judgment, the Court directed him to show cause why his claims against Medtronic should not be deemed abandoned. *See* Dkt. No. 188. On August 13, 2018, Plaintiff filed a short response: "Plaintiff does not abandon [his] claims against any party but instead does not oppose entry of judgment in favor of Medtronic Inc. only based upon Medtronic's Motion for Summary Judgment and its undisputed facts." Dkt. No. 189.

At the August 23, 2018 hearing on Medtronic's motion, counsel clarified that Plaintiff was in fact abandoning his claims as to Medtronic. In response to the Court's inquiry, counsel stated on the record that he sought to voluntarily dismiss those claims with prejudice. In these circumstances, this "action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). Defendants stated on the record that they had no objection to the Court's granting Plaintiff's oral Rule 41 motion.[2] Moreover, the Court finds the material outcome of granting Plaintiff's motion and granting Medtronic's motion to be the same.

Accordingly, the Court grants Plaintiff's motion for voluntary dismissal, and dismisses his claims against Medtronic with prejudice. This terminates as moot Medtronic's pending motion for summary judgment. *See* Dkt. No. 165.

## III. BURCH'S MOTION FOR SUMMARY JUDGMENT

In granting Plaintiff leave to file the SAC, the Court found that, liberally construed, Plaintiff stated claims against Burch for "deliberate indifference to serious medical needs" and

---

[2] Medtronic stated its preference that the Court decide the pending summary judgment motion on the merits, but in the alternative did not object to the Court's granting Plaintiff's request for a voluntary dismissal.

2

"supplemental state law claims for negligence." Dkt. No. 112 at 3. Because Plaintiff is asserting federal question jurisdiction with respect to his deliberate indifference claim and supplemental jurisdiction with respect to his remaining claims, the Court begins its analysis with the former.

**A.    Legal Standard**

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). If a court finds that there is no genuine dispute of material fact as to only a single claim or defense or as to part of a claim or defense, it may enter partial summary judgment. Fed. R. Civ. P. 56(a).

With respect to summary judgment procedure, the moving party always bears both the ultimate burden of persuasion and the initial burden of producing those portions of the pleadings, discovery, and affidavits that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will not bear the burden of proof on an issue at trial, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Where the moving party will bear the burden of proof on an issue at trial, it must also show that no reasonable trier of fact could not find in its favor. *Celotex*, 477 U.S. at 325. In either case, the movant "may not require the nonmoving party to produce evidence supporting its claim or defense simply by saying that the nonmoving party has no such evidence." *Nissan Fire*, 210 F.3d at 1105. "If a moving party fails to carry its

3

initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Id.* at 1102-03.

"If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*, 475 U.S. at 586. A nonmoving party must also "identify with reasonable particularity the evidence that precludes summary judgment," because the duty of the courts is not to "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). If a nonmoving party fails to produce evidence that supports its claim or defense, courts must enter summary judgment in favor of the movant. *Celotex*, 477 U.S. at 323.

**B.     Discussion**

For purposes of deciding Burch's motion, it is sufficient to say that Plaintiff contends that the broken rod implants he suffered in 2012 and 2016 demonstrate Burch's deliberate indifference to Plaintiff's serious medical needs. *See* SAC at 11-23. Burch counters that Plaintiff does not meet his evidentiary burden. The Court agrees with Burch.

"Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The Ninth Circuit uses a two-part test to determine whether a plaintiff has shown deliberate indifference. *Id.* First, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* The second part of the test involves its own two-pronged inquiry: the plaintiff must show (1) "a purposeful act or failure to respond to a prisoner's pain or possible medical need," and (2) "harm caused by the indifference." *Id.* Indifference may be present when "prison officials deny, delay, or intentionally interfere with medical treatment," or "may be shown by the way in which prison physicians provide medical care." *Id.*

4

"The deliberate indifference doctrine is limited in scope," and it is insufficient as a matter of law to show merely "an inadvertent failure to provide adequate medical care" or "a difference of medical opinion as to the need to pursue one course of treatment over another." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citations, brackets, and emphasis omitted); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.") (citation omitted).

Plaintiff all but abandons his deliberate indifference claim, insofar as he does not mention it in his opposition brief.[3] Most importantly, he enters no evidence on this question into the record, leaving no way for a reasonable trier of fact to decide in his favor. *See Anderson*, 477 U.S. at 248. Even drawing all reasonable inferences in Plaintiff's favor, there is no genuine dispute of material fact on the question of whether Burch showed deliberate indifference to Plaintiff's serious medical needs: Plaintiff has proffered nothing, and the evidence proffered by Burch conclusively rebuts Plaintiff's deliberate indifference claim. Accordingly, the Court grants Burch's summary judgment motion as to Plaintiff's deliberate indifference claim under section 1983.

### C. Supplemental Jurisdiction

Because Burch is entitled to summary judgment on Plaintiff's federal claim under section 1983, all that remains are Plaintiff's state-law claims, which are encompassed by this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). But the Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (citation omitted) (original brackets). The Court finds this to be "the usual case," and accordingly declines to exercise supplemental jurisdiction and dismisses Plaintiff's state-law

---

[3] Counsel for Plaintiff also conceded at the August 23, 2018 hearing that the primary claim against Burch was the cause of action for professional negligence.

5

claims without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion under Federal Rule of Civil Procedure 41 and **DISMISSES** his claims against Medtronic **WITH PREJUDICE**. The Court also (1) **GRANTS** the motion for summary judgment as to Plaintiff's federal claim, and (2) declines to exercise supplemental jurisdiction over his remaining state-law claims and **DISMISSES** them **WITHOUT PREJUDICE** to refiling in state court.

This order terminates as moot Medtronic's pending motion for summary judgment. *See* Dkt. No. 165. The Clerk is directed to enter judgment in favor of Burch in accordance with the above and to close the case.

**IT IS SO ORDERED.**

Dated: 8/24/18

HAYWOOD S. GILLIAM, JR.
United States District Judge