UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO R. CUNNINGHAM,<br>Plaintiff,<br>v.<br>MEDTRONIC INC., et al.,<br>Defendants. | Case No. 14-cv-04814-HSG<br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br>Re: Dkt. Nos. 168, 193, 194 |

Pending before the Court are Defendant Medtronic, Inc.'s ("Medtronic") administrative motions to (1) file under seal, *see* Dkt. No. 168; (2) withdraw its motion to file under seal, *see* Dkt. No. 193; and (3) to retrieve exhibits lodged provisionally under seal or grant the earlier-filed motion to seal, *see* Dkt. No. 194. The Court **GRANTS** the motion to seal.

## I. BACKGROUND

On August 24, 2018, the Court granted Plaintiff's motion for voluntary dismissal of the claims against Medtronic, with prejudice, under Federal Rule of Civil Procedure 41(a)(2). *See* Dkt. No. 191 at 2. The dismissal with prejudice terminated as moot Medtronic's then-pending motion for summary judgment. *See id.*; *see also* Dkt. No. 165 (motion for summary judgment). In conjunction with its motion for summary judgment, Medtronic had filed an administrative motion to file certain supporting documents under seal. *See* Dkt. No. 168. Medtronic now seeks to withdraw that administrative motion and to retrieve the exhibits, or, in the alternative, for the Court to grant the motion to seal. *See* Dkt. Nos. 168, 193, 194.

## II. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*

*v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (quotation omitted). This requires only a "particularized showing" that "specific

prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

### III. DISCUSSION

Medtronic seeks to seal Exhibits 1, 2, and 3 to the Declaration of Jonathan Caudell, *see* Dkt. No. 166-4, and Exhibits 1, 2, and 3 to the Declaration of Travis Donald, *see* Dkt. No. 166-5. Because the documents sought to be sealed were attached to a dispositive motion, the Court applies the "compelling reasons" standard. The Court finds that Medtronic has articulated compelling reasons to seal these exhibits because they contain information about the "design, specifications, manufacturing processes, and device testing protocols that constitute, contain, or reveal confidential and proprietary information." *See* Dkt. No. 168 at 2. These documents may contain trade secrets and other information that would cause harm to Medtronic if released. *See, e.g.*, *Opperman v. Path*, No. 13-CV-00453-JST, 2017 WL 1036652, at *6 (Mar. 17, 2017) (sealing documents containing sensitive information about a product's internal review process); *Monster, Inc. v. Dolby Laboratories Licensing Corp.*, No. 12-CV-2488-YGR, 2013 WL 163774, at *1 (N.D. Cal. Jan. 15, 2014) (explaining that trade secrets are properly ordered sealed).

### IV. CONCLUSION

The Court **GRANTS** Medtronic's motion to seal, Dkt. No. 168. The Clerk is directed to terminate Dkt. Nos. 193 and 194 as moot.

**IT IS SO ORDERED.**

Dated: 2/4/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

3